**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1811-15T2

DEUTSCHE BANK NATIONAL
TRUST COMPANY, AS TRUSTEE
FOR GSAMP 2006-FM1,

    Plaintiff-Respondent,

v.

MEHMET SARHAN, MRS. MEHMET
SARHAN, HIS WIFE; MUHARREN
SARHAN,

    Defendants-Appellants.

_____

        Submitted January 9, 2017 — Decided March 31, 2017

        Before Judges Nugent and Currier.

        On appeal from the Superior Court of New
        Jersey, Chancery Division, Morris County,
        Docket No. F-19530-08.

        Mehmet Sarhan, appellant pro se.

        Reed Smith LLP, attorneys for respondent
        (Henry F. Reichner, on the brief).

PER CURIAM

    In this residential foreclosure action, defendant Mehmet

Sarhan appeals the November 23, 2015 final judgment. After a

review of the contentions in light of the applicable legal principles, we affirm.

We discern the following facts and procedural history from the record on appeal. On January 12, 2006, defendant executed a $382,500 Promissory Note to FGC Commercial Mortgage Finance dba Fremont Mortgage (Fremont Mortgage) and a mortgage in the same amount to Mortgage Electronic Registration Systems, Inc. (MERS) to secure the note.

On January 20, 2006, Fremont Mortgage assigned the mortgage to Fremont Savings and Loan. The mortgage was recorded with the Morris County Clerk on January 25. Goldman Sachs Mortgage Company thereafter acquired the loan from Fremont Savings and Loan to include it in a pool of mortgage loans to be deposited in the GSAMP 2006-FM1 trust (the Trust). On May 20, 2008, MERS assigned the mortgage to plaintiff Deutsche Bank National Trust Company as trustee for the Trust. Defendant defaulted on the loan on February 1, 2008. A Notice of Intent to Foreclose (NOI) was sent on March 24, 2008; the NOI was later amended to identify plaintiff as the lender.

Plaintiff filed a foreclosure complaint on May 21, 2008. Defendant filed an answer in September 2008. However the answer was stricken in November 2009; the judge noted there were no meritorious defenses. The case was subsequently dismissed without

prejudice for failure to prosecute in September 2013, but reinstated in August 2014.

On September 9, 2014, plaintiff filed an amended foreclosure complaint. Defendant filed an answer and affirmative defenses. Plaintiff's motion to strike defendant's answer was granted on June 22, 2015 by Judge Stephan P. Hansbury. In his statement of reasons accompanying the order, Judge Hansbury found that plaintiff had physical possession of the note and mortgage prior to filing the foreclosure complaint, and therefore, plaintiff had standing to bring a foreclosure action. The judge concluded that there were no material issues of fact with respect to plaintiff's right to foreclose and transferred the matter to the Foreclosure Unit of the Superior Court of New Jersey to proceed as an uncontested matter. Final judgment was entered on November 23, 2015.

On appeal, defendant raises the following issues:

> I. The New Jersey Supreme Court has ruled that an unjust result should be avoided.
>
> II. N.J.S.A. 56:8-1 to -20 is in place to protect consumers from the wrongful acts of the mortgage institutions.
>
> III. The plaintiff must meet specific criteria to recover on a promissary [sic] note.
>
> IV. The court has held that the lender must be the owner of the note.

V. Federal district courts have dismissed foreclosure cases for lack of standing.

VI. The moving party must prove that it is, in fact, a damaged party.

VII. The court has set specific rules that were put in place especially in light of the irregular practices of the banking industry.

We have considered defendant's contentions in light of the record and applicable legal principles and conclude they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). We add the following brief comments.

In order to have standing, the "party seeking to foreclose a mortgage must own or control the underlying debt." Wells Fargo Bank, N.A. v. Ford, 418 N.J. Super. 592, 597 (App. Div. 2011) (quoting Bank of N.Y. v. Raftogianis, 418 N.J. Super. 323, 327-28 (Ch. Div. 2010)). Standing is conferred by "either possession of the note or an assignment of the mortgage that predated the original complaint. . . ." Deutsche Bank Tr. Co. Ams. v. Angeles, 428 N.J. Super. 315, 318 (App. Div. 2012) (citing Deutsche Bank Nat'l Tr. Co. v. Mitchell, 422 N.J. Super. 214, 216 (App. Div. 2011)). Without ownership or control, a plaintiff cannot "proceed with the foreclosure action and the complaint must be dismissed." Wells Fargo Bank, supra, 418 N.J. Super. at 597 (quoting Bank of N.Y., supra, 418 N.J. Super. at 357-59).

Here, we are satisfied that plaintiff established a prima facie case for foreclosure. Plaintiff clearly demonstrated its standing to foreclose on the property based on the assignment of the mortgage from MERS on May 20, 2008, which predated the May 21, 2008 filing of the foreclosure complaint. Upon that assignment and underlying transfer of possession, plaintiff became the holder of the instrument. Defendant argues plaintiff cannot substantiate its possession of the note but provides no documentary evidence in support of his argument. Therefore, defendant has not established that he is entitled to relief from the final judgment.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION