592

15 A.3d 327

WELLS FARGO BANK, N.A., AS TRUSTEE, PLAINTIFF–
RESPONDENT, v. SANDRA A. FORD, DEFENDANT–
APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued October 5, 2010—Decided January 28, 2011.

Before Judges SKILLMAN, YANNOTTI and ESPINOSA.

*Margaret Lambe Jurow* argued the cause for appellant (*Legal Services of New Jersey, Inc.*, attorneys; *Ms. Jurow* and *Rebecca Schore*, on the brief).

*Robert F. Thomas* argued the cause for respondent (*Pluese, Becker & Saltzman*, attorneys; *Mr. Thomas* and *Rob Saltzman*, on the brief).

The opinion of the court was delivered by

SKILLMAN, P.J.A.D.

This appeal presents significant issues regarding the evidence required to establish the standing of an alleged assignee of a mortgage and negotiable note to maintain a foreclosure action.

On March 6, 2005, defendant Sandra A. Ford executed a negotiable note to secure repayment of $403,750 she borrowed from Argent Mortgage Company (Argent) and a mortgage on her residence in Westwood. Defendant alleges that Argent engaged in various predatory and fraudulent acts in connection with this transaction.

Five days later, on March 11, 2005, Argent purportedly assigned the mortgage and note to plaintiff Wells Fargo Bank, N.A. (Wells Fargo). Wells Fargo claims that it acquired the status of a holder in due course as a result of this assignment and therefore is not subject to any of the defenses defendant may have been able to assert against Argent.

Defendant allegedly stopped making payments on the note in the spring of 2006, and on July 14, 2006, Wells Fargo filed this mortgage foreclosure action. In an amended complaint, Wells Fargo asserted that Argent had assigned the mortgage and note to Wells Fargo but that the assignment had not yet been recorded.

On August 24, 2006, defendant, appearing pro se, filed an answer and counterclaim, which alleged that Argent had committed predatory and fraudulent acts in connection with execution of the mortgage and note and questioned the validity of the purported assignment to Wells Fargo. Defendant's counterclaim asserted claims under various federal and state statutes.

Defendant also filed a demand for the production of documents relating to the execution of the mortgage and note and purported assignment to Wells Fargo. In response, Wells Fargo produced copies of the mortgage, note, and purported assignment. Wells Fargo also produced various documents defendant allegedly executed in applying to Argent for the mortgage.

Wells Fargo subsequently filed a motion for summary judgment. This motion was supported by a certification of Josh Baxley, who identified himself as "Supervisor of Fidelity National as an attorney in fact for HomEq Servicing Corporation as attorney in fact for [Wells Fargo]." Baxley's certification stated: "I have knowledge of the amount due Plaintiff for principal, interest and/or other charges pursuant to the mortgage due upon the mortgage made by Sandra A. Ford dated March 6, 2005, given to Argent Mortgage Company, LLC, to secure the sum of $403,750.00." Baxley did not indicate the source of this purported knowledge. Baxley's certification also alleged that Wells Fargo is

"the holder and owner of the said Note/Bond and Mortgage" executed by defendant and that the exhibits attached to his certification, which appear to be a mortgage and note signed by defendant, were "true copies." Again, the source of this purported knowledge was not indicated. The exhibits attached to the Baxley certification did not include the purported assignment of the mortgage.

Defendant filed a cross-motion for summary judgment seeking dismissal of Wells Fargo's complaint and judgment on her counterclaim. Defendant submitted a certification in support of this motion and in opposition to Wells Fargo's motion, which alleged that most of the documents Wells Fargo produced in response to her request for production of documents relating to her application to Argent for a mortgage were forgeries. The documents defendant alleged were forgeries included a purported handwritten note by her stating that she was employed by Bergen Medical Center at a monthly salary of $9500, even though her actual income was only approximately $10,000 per year. Defendant also alleged that "[t]he estimate for closing fees that was given to me prior to closing was around $13,000.00 and the Good Faith Estimate of Closing Costs was for $13,673.90 but on the closing statement they were $36,259.06." Defendant further alleged that she was charged a "$20,000 fee to the mortgage agent" at the closing. It is unclear whether this $20,000 was part of the $36,259.06 in closing costs or an additional amount.

The trial court issued a brief oral opinion granting Wells Fargo's motion for summary judgment. The court observed that defendant "has raised numerous serious disturbing allegations relating to the originator of this loan [Argent], which if true would be a substantial violation of law and substantial violation of her rights." Nevertheless, the court concluded that those allegations did not provide a defense to Wells Fargo's foreclosure action because Wells Fargo was a "holder in due course" of the mortgage and note. The court apparently based this conclusion in part on a document attached to Wells Fargo's reply brief, entitled "Assign-

ment of Mortgage," which was not referred to in Baxley's certification or authenticated in any other manner.

Based on this opinion, the trial court entered an order on January 26, 2007, granting Wells Fargo's motion for summary judgment, striking defendant's answer, and transferring the case to the Foreclosure Unit of the Superior Court to proceed as an uncontested matter. On April 9, 2007, the court entered a final judgment of foreclosure.

Defendant filed a notice of appeal from the judgment. After a sheriff's sale of the property was scheduled, defendant filed a bankruptcy petition, which resulted in a dismissal of this appeal. After defendant's bankruptcy petition was dismissed, this appeal was reinstated, and on June 17, 2010, we granted defendant's emergent motion for a stay of a scheduled sheriff's sale pending the outcome of the appeal.

On appeal, defendant argues that (1) Wells Fargo failed to establish that it is the holder of the negotiable note she gave to Argent and therefore lacks standing to pursue this foreclosure action; (2) even if Wells Fargo is the holder of the note, it failed to establish that it is a holder in due course and therefore, the trial court erred in concluding that Wells Fargo is not subject to the defenses asserted by defendant based on Argent's alleged predatory and fraudulent acts in connection with execution of the mortgage and note; and (3) even if Wells Fargo is a holder in due course, it still would be subject to certain defenses and statutory claims defendant asserted in her answer and counterclaim.

We conclude that Wells Fargo failed to establish its standing to pursue this foreclosure action. Therefore, the summary judgment in Wells Fargo's favor must be reversed and the case remanded to the trial court. This conclusion makes it unnecessary to address defendant's other arguments.

Before addressing the standing issue, we note that Wells Fargo argues in its answering brief that "[defendant] is estopped to contest Wells Fargo's standing"; "defendant's brief exceeds the

scope of this appeal," and "[defendant's] arguments are counterintuitive." These arguments are clearly without merit and do not warrant discussion. *R.* 2:11–3(e)(1)(E).

"As a general proposition, a party seeking to foreclose a mortgage must own or control the underlying debt." *Bank of N.Y. v. Raftogianis,* 418 *N.J.Super.* 323, 327–28, 13 *A.*3d 435 (Ch.Div.2010). In the absence of a showing of such ownership or control, the plaintiff lacks standing to proceed with the foreclosure action and the complaint must be dismissed. *See id.* at 357–59, 13 *A.*3d 435.[1]

Defendant's debt was evidenced by a negotiable note made payable to Argent. Thus, the note was originally owned and controlled by Argent. The question is whether Wells Fargo established that it subsequently acquired ownership or control of the note from Argent.

If a debt is evidenced by a negotiable instrument, such as the note executed by defendant, the answer to this question is governed by Article III of the Uniform Commercial Code (UCC), *N.J.S.A.* 12A:3–101 to –605, in particular *N.J.S.A.* 12A:3–301. *See generally Raftogianis, supra,* 418 *N.J.Super.* at 327–33, 13 *A.*3d 435. *N.J.S.A.* 12A:3–301 states in pertinent part:

"Person entitled to enforce" an instrument means [1] the holder of the instrument, [2] a nonholder in possession of the instrument who has the rights of the holder, or [3] a person not in possession of the instrument who is entitled to enforce the instrument pursuant to [*N.J.S.A.*]12A:3–309 or subsection d. of [*N.J.S.A.*] 12A:3–418.

Thus, even though defendant has framed the standing issue as solely involving whether Wells Fargo established that it was the "holder" of the note, *N.J.S.A.* 12A:3–301 provides, as indicated by

---

[1] The essential holding of *Raftogianis* was that to establish standing to maintain a foreclosure action, a plaintiff generally must have had ownership or control of the underlying debt as of the date of the filing of the complaint. *See id.* at 358–59, 13 *A.*3d 435. There is no indication Wells Fargo lacked ownership or control over defendant's debt when its complaint was filed but subsequently obtained such an interest. Therefore, there is no need for us to address that holding.

the bracketed numbers in the above quotation, that three different categories of parties may have the right to enforce a negotiable instrument, and consequently, if the instrument is secured by a mortgage, have standing to maintain a foreclosure action.

It is evident that the evidence Wells Fargo submitted in support of its motion for summary judgment does not bring it within the first category of "person entitled to enforce" a negotiable instrument. *N.J.S.A.* 12A:3–201(a) provides that for a person other than the one to whom a negotiable instrument is made payable to become the "holder," there must be a "negotiation," and *N.J.S.A.* 12A:3–201(b) provides in pertinent part that "if an instrument is payable to an identified person, negotiation requires transfer of possession of the instrument *and its indorsement by the holder.*" (Emphasis added). Therefore, even if Wells Fargo had presented satisfactory evidence that it was in "possession" of the note executed by defendant (which is discussed later in this opinion), Wells Fargo admittedly presented no evidence of "its indorsement by [Argent]." Therefore, Wells Fargo was not a "holder" of the note within the first category of "person entitled to enforce" an instrument under *N.J.S.A.* 12A:3–301. *See Raftogianis,* 418 *N.J.Super.* at 330–31, 13 *A.*3d 435.

Wells Fargo also does not fall within the third category. *N.J.S.A.* 12A:3–309 deals with the enforcement of instruments which have been lost, destroyed or stolen, and subsection d. of *N.J.S.A.* 12A:3–418 deals with the circumstance where an instrument has been paid or accepted by mistake and the payor or acceptor recovers payment or revokes acceptance. Neither of those circumstances are present in this case.

Consequently, the question is whether Wells Fargo presented adequate evidence that it fell within the second category of "person entitled to enforce" an instrument under *N.J.S.A.* 12A:3–301; that is, "a nonholder in possession of the instrument who has the rights of a holder." The Baxley certification Wells Fargo submitted in support of its motion for summary judgment alleged that "[p]laintiff is still the holder and owner of the said Note/Bond

and mortgage," and a copy of the mortgage and note was attached to the certification. In addition, Wells Fargo submitted a document that purported to be an assignment of the mortgage, which stated that it was an assignment of "the described Mortgage, together with the certain note(s) described therein with all interest, all liens, and any rights due or to become due thereon."

If properly authenticated, these documents could be found sufficient to establish that Wells Fargo was a "nonholder in possession of the [note] who has the rights of a holder." Transfer of an instrument occurs "when it is delivered by a person other than its issuer for the purpose of giving to the person receiving delivery the right to enforce the instrument." *N.J.S.A.* 12A:3–203(a). Such a delivery, "whether or not the transfer is a negotiation, vests in the transferee any right of the transferor to enforce the instrument." *N.J.S.A.* 12A:3–203(b). The UCC Comment explains this subsection:

If the transferee is not a holder because the transferor did not indorse, the transferee is nevertheless a person entitled to enforce the instrument under section 3–301 if the transferor was a holder at the time of transfer. Although the transferee is not a holder, under subsection (b) the transferee obtained the rights of the transferor as holder.

[UCC Comment 2 to *N.J.S.A.* 12A:3–203.]

Since Argent, as the payee of defendant's note, was a holder, and it allegedly transferred the note to Wells Fargo without an indorsement, Wells Fargo may have acquired the status of a "nonholder in possession of the [note] who has the status of a holder." *See* 6B *Anderson on the Uniform Commercial Code* §§ 3–203:4R, 5R, 9R, 10R, 11R (Lawrence ed., 3d ed.2003).

■ However, the documents that Wells Fargo relied upon in support of its motion for summary judgment to establish its status as a holder were not properly authenticated. A certification will support the grant of summary judgment only if the material facts alleged therein are based, as required by *Rule* 1:6–6, on "personal knowledge." *See Claypotch v. Heller, Inc.*, 360 *N.J.Super.* 472, 489, 823 *A*.2d 844 (App.Div.2003). Baxley's certification does not allege that he has personal knowledge that Wells Fargo is the

holder and owner of the note. In fact, the certification does not give any indication how Baxley obtained this alleged knowledge. The certification also does not indicate the source of Baxley's alleged knowledge that the attached mortgage and note are "true copies."

Furthermore, the purported assignment of the mortgage, which an assignee must produce to maintain a foreclosure action, see *N.J.S.A.* 46:9-9, was not authenticated in any manner; it was simply attached to a reply brief. The trial court should not have considered this document unless it was authenticated by an affidavit or certification based on personal knowledge. *See Celino v. Gen. Accident Ins.*, 211 *N.J.Super.* 538, 544, 512 *A.*2d 496 (App. Div.1986).

For these reasons, the summary judgment granted to Wells Fargo must be reversed and the case remanded to the trial court because Wells Fargo did not establish its standing to pursue this foreclosure action by competent evidence. On the remand, defendant may conduct appropriate discovery, including taking the deposition of Baxley and the person who purported to assign the mortgage and note to Wells Fargo on behalf of Argent.

Our conclusion that the summary judgment must be reversed because Wells Fargo failed to establish its standing to maintain this action makes it unnecessary to address defendant's other arguments. However, for the guidance of the trial court in the event Wells Fargo is able to establish its standing on remand, we note that even though Wells Fargo could become a "holder" of the note under *N.J.S.A.* 12A:3-201(b) if Argent indorsed the note to Wells Fargo even at this late date, see UCC Comment 3 to *N.J.S.A.* 12A:3-203, Wells Fargo would not thereby become a "holder in due course" that could avoid whatever defenses defendant would have to a claim by Argent because Wells Fargo is now aware of those defenses. *See N.J.S.A.* 12A:3-203(c); UCC Comment 4 to *N.J.S.A.* 12A:3-203; *see generally* 6 William D. Hawkland & Larry Lawrence, *Hawkland and Lawrence UCC Series* [Rev.] § 3-203:7 (2010); 6B *Anderson on the Uniform Commer-*

*cial Code, supra,* § 3–203:14R. Consequently, if Wells Fargo produces an indorsed copy of the note on the remand, the date of that indorsement would be a critical factual issue in determining whether Wells Fargo is a holder in due course.

Accordingly, the summary judgment in favor of Wells Fargo is reversed and the case is remanded to the trial court for further proceedings in conformity with this opinion.