NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-3258-15T2

WELLS FARGO BANK, N.A.

 Plaintiff-Respondent,

v.

MARY ELLEN UGACTZ-GONZALEZ,

 Defendant-Appellant,

and

JUAN A. GONZALEZ, KEVIN HAGER
and CRESCENT RECOVERY, LLC,

 Defendants.
__________________________________

 Submitted June 6, 2017 – Decided August 8, 2017

 Before Judges Fasciale and Sapp-Peterson.

 On appeal from Superior Court of New Jersey,
 Chancery Division, Essex County, Docket No.
 F-031505-14.

 Mary Ellen Ugactz-Gonzalez, appellant pro se.

 Reed Smith, LLP, attorneys for respondent
 (Henry F. Reichner, of counsel and on the
 brief).

PER CURIAM
 In this mortgage foreclosure case, pro se defendant Mary

Ellen Ugactz-Gonzalez, appeals from a June 12, 2015 order, granting

plaintiff, Wells Fargo Bank, N.A. (Wells Fargo) summary judgment.

This order also struck the answer and counterclaim filed by

defendant and her spouse, Juan A. Gonzalez,1 directed the Clerk

of the Court to enter default as though no answering pleading had

been filed, and referred the matter to the Office of Foreclosure

for further proceedings and the entry of final judgment as an

uncontested matter. Defendant also appeals the December 14, 2015

entry of Final Judgment by the Office of Foreclosure, and the

April 25, 2016 order, denying her motion to vacate the entry of

final judgment.2 We affirm.

 The facts are undisputed. On August 31, 2007, defendant and

her husband borrowed $512,000 from World Savings Bank, FSB (World

Savings). To secure the note, they executed a note and purchase

1
 Although defendant's spouse has not appealed the order under
review, for ease of reference, we refer to defendant and her
spouse, collectively as "defendants."
2
 Defendant's notice of appeal references the December 14, 2015
order as being appealed. However, defendant's Civil Case
Information Statement references the summary judgment motion and
her brief addresses the denial of her motion to vacate the entry
of final judgment.

 2 A-3258-15T2
money mortgage on their residence in Verona Township. The mortgage

was duly recorded on September 17, 2007, in the Office of the

Clerk of Essex County.

 Three months after recording the mortgage, World Savings

amended its charter and bylaws to change its name to Wachovia

Mortgage, FSB (Wachovia). In 2009, Wachovia converted into a

national bank and merged with and became Wells Fargo.

 Wells Fargo indorsed the note defendants executed to the Bank

of New York as Trustee. Wells Fargo, as legal successor to World

Savings, served as the document custodian for the Bank of New York

as Trustee and maintained possession of the note continuously

thereafter. It subsequently cancelled the indorsement on the note

from World Savings to Bank of New York as Trustee and did so prior

to filing the underlying foreclosure complaint against defendants.

 Defendants defaulted under the terms of the note and mortgage

by failing to make the December 23, 2013 monthly payment. On

August 1, 2014, Wells Fargo filed a foreclosure complaint against

defendants, who thereafter filed an answer and counterclaim.

Following motion practice, plaintiff filed a motion for summary

judgment. Defendants cross-moved for summary judgment and

production of documents. As part of her request for the production

of documents, defendant sought leave to inspect the original note.

 3 A-3258-15T2
She was afforded that opportunity on May 6, 2015, during a status

conference with the court.

 On June 12, 2015, the court conducted oral argument on the

motions and on that same date rendered an oral decision granting

plaintiff's motion and denying defendant's motion. The court

found defendant's denial in her answer that she executed and

delivered a note to World Savings securing borrowed funds, was not

supported by any competent evidence and that her mere denial would

not defeat summary judgment. The court next found that plaintiff

was in possession of the original note. Finally, the court was

satisfied plaintiff demonstrated its standing to foreclose. The

matter was transferred to the Foreclosure Unit, where the Office

of Foreclosure entered final judgment on December 14, 2015.

 On January 25, 2016, defendant filed a motion seeking to

vacate the December 14, 2015 entry of final judgment. Defendant

argued that she was entitled to relief based upon "extrinsic

intrinsic fraud, lack of standing, inadvertence,

misrepresentations, negligence and judgment is void." By order

dated April 25, 2016, the court denied the motion. In a statement

of reasons appended to the order, the court first found that

defendants "were unaware of Plaintiff's motion to enter final

judgment" and that their failure to contest the amount due was not

"attributable to any fault on their part but instead resulted from

 4 A-3258-15T2
their lack of notice of the proceeding." Thus, the court found

that defendants satisfied the first prong for relief from judgment

pursuant to Rule 4:50-1 (the Rule), excusable neglect.

Nonetheless, the court denied the motion because defendant failed

to satisfy the second prong for relief under the Rule, namely, a

meritorious defense. Citing Deutsche Bank National Trust Company

v. Mitchell, 422 N.J. Super. 214, 222 (App. Div. 2011), the court

observed that the record established plaintiff's right to

foreclose based upon plaintiff's "possession of the Note and

Mortgage predate the filing of the Complaint on August 1, 2014."

The present appeal followed.

 On appeal, defendant urges that there were genuinely disputed

issues of material fact, which precluded the grant of summary

judgment, and plaintiff's proofs established that it lacked

standing to foreclose. Defendant also contends plaintiff

presented flawed, contradictory certifications, and erroneous due

diligence. She further argues the court erred when it ruled that

a photocopied note was the original note and failed to acknowledge

that plaintiff was required to possess the original note, "not

just a copy," in order to enforce the note, and improperly shifted

the burden of proof. Defendant additionally contends the court

failed to acknowledge the existence of defendants' defenses and

counterclaims. Finally, defendant alleges the court failed to

 5 A-3258-15T2
afford defendants "proper access to the courts and displayed

judicial bias/abuse of judicial discretion which violated

defendants' NJ constitutional rights."

 Based on our review of the record and applicable law, we are

not persuaded by any of these arguments.

 Under the Rule, the grounds for relief from judgment include

excusable neglect, which the motion judge found defendant

established. However, as the motion judge observed, a party

seeking relief must do more than establish excusable neglect. U.S.

Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 466-69 (2012) (holding

a party seeking relief under the Rule must also demonstrate the

existence of a meritorious defense, either to the underlying cause

of action, or, if liability is undisputed, to the amount of damages

determined).

 The Rule is "designed to reconcile the strong interests in

finality of judgments and judicial efficiency with the equitable

notion that courts should have authority to avoid an unjust result

in any given case." Id. at 467 (quoting Mancini v. EDS, 132 N.J.

330, 334 (1993)). Furthermore, this Rule "provides for

extraordinary relief and may be invoked only upon a showing of

exceptional circumstances." Baumann v. Marinaro, 95 N.J. 380, 393

(1984).

 6 A-3258-15T2
 We review the trial court's denial of defendants' motion to

vacate the final judgment of foreclosure under an abuse of

discretion standard. Guillaume, supra, 209 N.J. at 467; United

States v. Scurry, 193 N.J. 492, 502-03 (2008). In Guillaume,

supra, our Supreme Court recently reiterated the standard of review

of a trial court's determinations on a motion to vacate a default

judgment under the Rule 4:50-1 as follows:

 The trial court's determination under the rule
 warrants substantial deference, and should not
 be reversed unless it results in a clear abuse
 of discretion. See DEG, LLC v. Twp. of
 Fairfield, 198 N.J. 242, 261 (2009); Hous.
 Auth. of Morristown v. Little, 135 N.J. 274,
 283 (1994). The Court finds an abuse of
 discretion when a decision is "'made without
 a rational explanation, inexplicably departed
 from established policies, or rested on an
 impermissible basis.'" Iliadis v. Wal-Mart
 Stores, Inc., 191 N.J. 88, 123 (2007) (quoting
 Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561,
 571(2002)).

 [209 N.J. at 467-68.]

On this record, we find no abuse of discretion in the motion

court's decision.

 The crux of defendant's arguments attacks the finding by the

summary judgment motion judge that plaintiff was entitled to

foreclosure, as a matter of law, because defendant failed to raise

any genuinely disputed issue of fact sufficient to defeat

plaintiff's summary judgment motion. Although we owe no deference

 7 A-3258-15T2
to the motion judge's conclusion, Manalapan Realty, L.P. v. Twp.

Comm fof Manalapan, 140 N.J. 366, 378 (1995), we are in agreement

with the decision.

 A trial court must grant a summary judgment motion if "the

pleadings, depositions, answers to interrogatories and admissions

on file, together with the affidavits, if any, show that there is

no genuine issue as to any material fact challenged and that the

moving party is entitled to a judgment or order as a matter of

law." R. 4:46-2(c). "An issue of fact is genuine only if,

considering the burden of persuasion at trial, the evidence

submitted by the parties on the motion, together with all

legitimate inferences therefrom favoring the non-moving party,

would require submission of the issue to the trier of fact."

Ibid.; see also Brill v. Guardian Life Ins. Co. of Am., 142 N.J.

520, 540 (1995). On appeal, we follow that same summary judgment

standard. Townsend v. Pierre, 221 N.J. 36, 59 (2015).

 Defendant contested her execution of the loan documents.

However, she offered nothing more than her bare allegations. See

Miller v. Bank of Am. Home Loan Servicing, L.P., 439 N.J. Super.

540, 551 (App. Div.) certif. denied, 221 N.J. 567 (2015); see also

Brae Asset Fund, L.P. v. Newman, 327 N.J. Super. 129, 134 (App.

Div. 1999)(that bare conclusions unsupported by competent evidence

will not defeat a summary judgment motion).

 8 A-3258-15T2
 "[A] party seeking to foreclose a mortgage must own or

control the underlying debt" at the time the foreclosure complaint

is filed. Wells Fargo Bank, N.A. v. Ford, 418 N.J. Super. 592,

597 (App. Div. 2011) (quoting Bank of N.Y. v. Raftogianis, 418

N.J. Super. 323, 327-28 (Ch. Div. 2010)). If a plaintiff cannot

establish ownership or control, it "lacks standing to proceed with

the foreclosure action and the complaint must be dismissed." Ford,

supra, 418 N.J. Super. at 597. "If a debt is evidenced by a

negotiable instrument, such as the note executed by [a] defendant,"

whether a plaintiff has established ownership or control over the

note "is governed by Article III of the Uniform Commercial Code

(UCC), N.J.S.A. 12A:3-101 to -605, in particular N.J.S.A. 12A:3-

301." Ibid.

 Here, Wells Fargo had to show it fell within one of the "three

categories of persons entitled to enforce negotiable instruments"

as described in N.J.S.A. 12A:3-301. Deutsche Bank Nat'l Trust Co.

v. Mitchell, 422 N.J. Super. 214, 222-23 (App. Div. 2011).

 N.J.S.A. 12A:3-301 provides:

 "Person entitled to enforce" an instrument
 means the holder of the instrument, a
 nonholder in possession of the instrument who
 has the rights of the holder, or a person not
 in possession of the instrument who is
 entitled to enforce the instrument pursuant
 to [N.J.S.A.] 12A:3-309 or subsection d. of
 [N.J.S.A.] 12A:3-418. A person may be a person
 entitled to enforce the instrument even though

 9 A-3258-15T2
 the person is not the owner of the instrument
 or is in wrongful possession of the
 instrument.

Additionally, under the Banking Act of 1948, N.J.S.A. 17:9A-1 to

-467, when two or more banks merge, "the corporate existence of

each merging bank shall be merged into that of the receiving bank,

and the property and rights of each merging bank shall thereupon

vest in the receiving bank without further act or deed[.]"

N.J.S.A. 17:9A-139(1) (emphasis added).

 Here, the motion judge credited the evidence presented by

Wells Fargo regarding its merger history and concluded Wells Fargo

had standing and properly held the note without any endorsement.

We see no error in the judge's determination, particularly given

the undisputed merger and acquisition history of World Savings,

Wachovia Mortgage, and Wells Fargo.

 Consistent with N.J.S.A. 17:9A-139(1) and the requirements

set forth in N.J.S.A. 12A:3-301, Wells Fargo was the "holder of

the instrument." Having presented undisputed evidence before the

motion judge that it was the holder of the note and the mortgage

at the time of the complaint, it had standing to commence the

foreclosure action against defendants. Mitchell, supra, 422 N.J.

Super. at 224-25 (citation omitted).

 10 A-3258-15T2
 The remaining arguments advanced by defendant are without

sufficient merit to warrant further discussion in a written

opinion. R. 2:11-3(e)(1)(E).

 Affirmed.

 11 A-3258-15T2