**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1006-16T1

THE BANK OF NEW YORK
MELLON, f/k/a THE BANK OF
NEW YORK, AS TRUSTEE
FOR THE BENEFIT OF THE
CERTIFICATEHOLDERS OF THE
CWABS, INC., ASSET-BACKED
CERTIFICATES, SERIES 2007-BC3,

    Plaintiff-Respondent,

v.

JEFFREY L. DAVIS, MRS.
JEFFREY L. DAVIS, his wife,
ELISSA M. DAVIS, MRS. DAVIS,
husband of ELISSA M. DAVIS,

    Defendants-Appellants,

and

STATE OF NEW JERSEY, UNITED
STATES OF AMERICA,

    Defendants.

_____

        Argued September 26, 2017 — Decided October 16, 2017

        Before Judges Hoffman and Mayer.

        On appeal from Superior Court of New Jersey,
        Chancery Division, Burlington County, Docket
        No. F-027418-15.

Louis A. Simoni argued the cause for appellants.

Brian J. Yoder argued the cause for respondent (Phelan Hallinan Diamond & Jones, PC, attorneys; Mr. Yoder, on the brief).

PER CURIAM

Defendants Jeffrey L. Davis and Elissa M. Davis appeal from the April 29, 2016 Chancery Division order granting summary judgment in favor of plaintiff on its foreclosure complaint, and striking defendants' answer and counterclaim.[1] Defendants seek reversal, citing multiple genuine issues of material fact. Following our review of the record, we vacate and remand.

## I.

On March 26, 2007, defendants borrowed $347,000 from Decision One Mortgage Company, LLC (Decision One) to refinance their home in Mount Laurel, secured by a note and non-purchase money mortgage.[2] On April 1, 2010, defendants defaulted on the loan.

On November 9, 2011, MERS assigned the mortgage to plaintiff, and on November 30, 2011, the Burlington County Clerk recorded the

---

[1] Defendants also appeal from the final judgment entered on September 26, 2016; however, our reversal of the grant of summary judgment makes it unnecessary to address defendants' challenge to the final judgment.

[2] The mortgage named Mortgage Electronic Registration Systems, Inc. (MERS) as the nominee for Decision One, its successors and assigns.

A-1006-16T1

assignment.[3]  On February 23, 2015, plaintiff mailed defendants a notice of intent to foreclose.  After defendants failed to cure the default, plaintiff filed its foreclosure complaint on August 7, 2015.

On September 21, 2015, defendants filed an answer, which included thirty-six affirmative defenses and a six-count counterclaim.  On October 26, 2015, plaintiff filed its answer to defendants' counterclaim.

On March 24, 2016, plaintiff moved for summary judgment.  In support of its motion, plaintiff filed a certification signed by Rebecca Anderson (the Anderson Certification) of Ditech Financial LLC f/k/a Green Tree Servicing LLC (DiTech).  In her capacity as a "Document Execution Specialist" for Ditech, Anderson described Ditech as "attorney[-]in[-]fact for" plaintiff and certified she has "complete access and authorization to review [plaintiff's] business records, including computer records, logs, loan account and related business records for and relating to the borrower's loan."  Of note, the Anderson Certification provided no details regarding the power of attorney document that authorized Ditech to act as attorney-in-fact for plaintiff nor did plaintiff otherwise provide a copy of the document with its motion papers.

---

[3]  The record lacks documentation evidencing the assignment's recording.

Defendants opposed plaintiff's motion on various grounds, including the sufficiency of the Anderson Certification. Defendants also challenged the validity of the assignment of mortgage and note since plaintiff's predecessor in interest, Decision One, went out of business in 2007, four years prior to the assignment.

Following oral argument, the motion judge rejected defendants' arguments, granting summary judgment in plaintiff's favor and striking defendants' answer and counterclaim. In a written opinion, the judge found plaintiff established the material facts demonstrating its right to foreclose, namely: (1) the Anderson Certification sufficiently established plaintiff possessed the note prior to filing the foreclosure complaint; (2) plaintiff properly served defendants a notice of intent to foreclose; (3) and defendants defaulted under the note and mortgage's terms. The judge also held defendants' "affirmative defenses . . . are nothing more than conclusory arguments devoid of any factual support or reference."

II.

We apply the same standard as the trial court when reviewing the disposition of a motion for summary judgment. W.J.A. v. D.A., 210 N.J. 229, 237 (2012). Summary judgment must be granted if "the pleadings, depositions, answers to interrogatories and

admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c). Without making credibility determinations, the court considers the evidence "in the light most favorable to the non-moving party" and determines whether it would be "sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995).

In satisfying its burden, the non-moving party may not rest upon mere allegations or denials in its pleading, but must produce sufficient evidence to reasonably support a verdict in its favor. R. 4:46-5(a); Triffin v. Am. Int'l Grp., Inc., 372 N.J. Super. 517, 523 (App. Div. 2004). It is against these standards that we evaluate defendants' substantive arguments.

On appeal, defendants argue the motion record fails to establish plaintiff's standing to foreclose, alleging deficiencies in the Anderson Certification. Specifically, they emphasize that plaintiff failed to provide basic information, such as the note's physical location, as well as who transferred the physical loan documents, and the date of transfer. Defendants further argue plaintiff failed to establish authorization for the issuance of the Anderson Certification because it failed to provide any

confirming evidence of DiTech's authority to serve as is its attorney-in-fact.

Plaintiff counters that Anderson had sufficient personal knowledge to satisfy Rule 1:6-6 because she reviewed defendants' loan file, which contained business records maintained during the ordinary course of business, citing Wells Fargo Bank v. Ford, 418 N.J. Super. 592, 600 (App. Div. 2011) and N.J.R.E. 803(c)(6). Furthermore, plaintiff states Anderson certified that plaintiff acquired the note and mortgage in November 2011, prior to its filing the foreclosure complaint, and because an endorsement in blank permits the note to be transferred and negotiated by delivery alone to a bearer, Bank of N.Y. v. Raftogianis, 418 N.J. Super. 323, 336 (Ch. Div. 2010), it demonstrated it was the holder of the note and mortgage. In the alternative, plaintiff argues it also satisfies the requirements of a "non-holder in possession with the rights of a holder." See N.J.S.A. 12A:3-203(b).

In order to have standing to foreclose a mortgage, a party "must own or control the underlying debt." Raftogianis, supra, 418 N.J. Super. at 327-28. To establish such ownership or control, plaintiff must present properly authenticated evidence that it is the holder of the note or a non-holder in possession with rights of the holder under N.J.S.A. 12A:3-301. Wells Fargo Bank, supra, 418 N.J. Super. at 597-99. Transfer of possession must be

A-1006-16T1

"authenticated by an affidavit or certification based on personal knowledge." Id. at 600; see also R. 1:6-6.

Following our review of the motion record, we conclude plaintiff failed to establish, as a matter of law, that it acquired ownership or control of the note to maintain the foreclosure action. Most notably, plaintiff failed to produce a power of attorney document evidencing its legal relationship with DiTech. See N.J.S.A. 46:2B-8.9 ("A power of attorney must be in writing, duly signed and acknowledged in the manner set forth in [N.J.S.A.] 46:14-2.1."). Furthermore, the Anderson Certification failed to identify the note's physical location or state details concerning the note's physical delivery. See e.g., Raftogianis, supra, 418 N.J. Super. at 330-32 (describing how, in the absence of proof that one is a note holder, a transferee could still "have the right to enforce the note" through physical delivery).[4]

Moreover, plaintiff failed to properly authenticate the documents it relied upon to establish its status as a holder. A certification will support the grant of summary judgment only if

---

[4] Because Decision One, as the payee of defendant's note, was a holder, and it allegedly transferred the note to plaintiff without an indorsement, plaintiff may have acquired the status of a nonholder in possession of the note with the status of a holder. See Wells Fargo Bank, supra, 418 N.J. Super. at 599 (citing 6B Anderson on the Uniform Commercial Code §§ 3-203:4R, 5R, 9R, 10R, 11R (Lawrence ed., 3d ed. 2003)).

the material facts alleged therein are based, as required by Rule 1:6-6, on "personal knowledge." See Claypotch v. Heller, Inc., 360 N.J. Super. 472, 489 (App. Div. 2003). Anderson's certification does not allege she has personal knowledge that plaintiff is the holder and owner of the note, and has possessed the original note and mortgage since April 23, 2014. Instead, the basis of her certification is "my personal review of the [p]laintiff's relevant business records," without identifying those records or how she acquired knowledge of plaintiff's record-keeping practices. The certification also does not indicate the source of Anderson's alleged knowledge that "all of the documents included" in plaintiff's summary judgment motion are "true and correct copies," except to generally reference "my personal review of the business records."

Like Wells Fargo Bank, here "the purported assignment of the mortgage, which an assignee must produce to maintain a foreclosure action, see N.J.S.A. 46:9-9, was not authenticated in any manner;" rather, it was attached to plaintiff's motion. The trial court should not have considered this document unless it was authenticated by an affidavit or certification based on personal knowledge. See Celino v. Gen. Accident Ins., 211 N.J. Super. 538, 544 (App. Div. 1986). As noted, the assignment was not made by Decision One, as payee of the promissory notes secured by the

mortgage, but rather by MERS, "as nominee for Decision One." Although the mortgage appointed MERS as plaintiff's nominee, the record contains evidence that Decision One ceased operating in 2007, long before the purported assignment of defendant's mortgage on November 9, 2011. Therefore, we question whether Decision One's designation of MERS as its nominee remained in effect after it ceased operations. On remand, the trial court should address the question of whether MERS remained the nominee of Decision One or its successor as of the date of its purported assignment of defendant's note and mortgage to plaintiff.

Because plaintiff did not establish its standing to pursue this foreclosure action by competent evidence, we vacate the order granting summary judgment to plaintiff and remand the case to the trial court. On remand, defendants may conduct appropriate discovery, including taking the deposition of Anderson and Dominique Johnson, the person who purported to assign the mortgage to plaintiff on behalf of MERS.

Accordingly, we vacate the summary judgment entered in favor of plaintiff and remand to the trial court for further proceedings in conformity with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1006-16T1