**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1557-19

MTGLQ INVESTORS, L.P.,

     Plaintiff-Respondent,

v.

RAHMAN GABR,

     Defendant-Appellant,

and

MANAL GABR and
AMERICAN EXPRESS BANK,
FSB,

     Defendants.

_____

           Submitted January 4, 2021 – Decided May 5, 2021

           Before Judges Hoffman and Suter.

           On appeal from the Superior Court of New Jersey, Chancery Division, Passaic County, Docket No. F-033404-16.

           Rahman Gabr, appellant pro se.

Pluese, Becker, & Saltzman, LLC, attorneys for respondent (Stuart H. West, on the brief).

PER CURIAM

Defendant Rahman Gabr appeals from a final judgment of foreclosure entered by the Chancery Division on December 4, 2019, contending plaintiff MTGLQ Investors, L.P. (MTGLQ) lacked standing to foreclose. We affirm.

I.

We derive the following facts and procedural history from the record. On August 11, 2003, defendant executed a promissory note in the amount of $302,500 to LoanCity.com as part of a mortgage loan transaction. To secure payment, defendant also executed to Mortgage Electronic Registration Systems, Inc. (MERS) a mortgage on property he owned on Greendale Road in Clifton.

MERS assigned the Mortgage to CitiMortgage, Inc. on March 29, 2011. On February 29, 2016, Citi Mortgage, Inc. assigned the Mortgage to the Federal National Mortgage Association (FNMA). Both assignments were duly recorded in the Passaic County Clerk's Office.

On October 1, 2015, defendant failed to make the monthly payment and defaulted on the loan. Accordingly, FNMA sent defendant a notice of intention to foreclose in accordance with the Fair Foreclosure Act, N.J.S.A. 2A:50-53 to

-68. On December 15, 2016, FNMA filed a foreclosure complaint and defendant soon thereafter filed a contesting answer.

On July 6, 2017, FNMA assigned the Mortgage to MTGLQ, which duly recorded the assignment in the Passaic County Clerk's Office the following day. FNMA then filed a motion for summary judgment and a motion to substitute MTGLQ as plaintiff in the matter on August 17, 2017. Defendant did not oppose the motions.

On September 20, 2017, the trial court issued an order granting summary judgment, striking defendant's answer, substituting MTGLQ as plaintiff, and returning the matter to the Office of Foreclosure to proceed as an uncontested foreclosure. Between October 20, 2017 and December 4, 2019, defendant filed a series of five reconsideration motions arguing, among other things, that MTGLQ lacked standing. The trial court denied each motion, citing its finding on summary judgment that FNMA properly assigned the Mortgage to MTGLQ and substituted MTGLQ as plaintiff. On December 4, 2019, the Chancery Division entered final judgment in the amount of $410,108.66. This appeal followed.

On appeal, defendant argues:

> THERE WAS NO EVIDENCE THAT MTGLQ INVESTORS, L.P. OWNED THE NOTE OR THE

3

MORTGAGE AND THERE WAS NO JUDGE'S DECISION SUPPORTED BY COMPETENT, RELEVANT AND CREDIBLE EVIDENCE TO PROVE MTGLQ INVESTORS, L.P. WAS A "HOLDER" OF THE ORIGINAL NOTE ENDORSED IN BLANK WITH MORTGAGE AT SUMMARY JUDGMENT STAGE AND AT THE TIME FINAL JUDGMENT RESPECTFULLY RECOMMENDED R. 1:34-6.

## II.

We review an order granting summary judgment de novo and a trial court's ruling is owed no special deference. Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016).

"'As a general proposition, a party seeking to foreclose a mortgage must own or control the underlying debt as of the date of the filing of the complaint.'" Wells Fargo Bank, N.A. v. Ford, 418 N.J. Super. 592, 597 (App. Div. 2011) (quoting Bank of N.Y. v. Raftogianis, 418 N.J. Super. 323, 327-28 (Ch. Div. 2010)). "In the absence of a showing of such ownership or control, the plaintiff lacks standing to proceed with the foreclosure action and the complaint must be dismissed." Ibid.

Here, MTGLQ established standing to foreclose with the certification of Wilma Colon, who averred that the February 29, 2016 assignment from CitiMortgage, Inc. to FNMA predated the December 15, 2016 filing of the

4

foreclosure complaint. Colon also certified that FNMA assigned the Mortgage to MTGLQ, which duly recorded the assignment. Colon authenticated and attached to her certification a copy of the original note, the Mortgage, and assignment documents establishing the series of assignments from MERS to MTGLQ.

Upon the assignment from CitiMortgage, Inc. to FNMA, FNMA became the assignee of the Mortgage and had standing to foreclose. See Deutsche Bank National Trust Co. v. Mitchell, 422 N.J. Super. 214, 225 (App. Div. 2011) (holding that an assignment of the mortgage predating the original complaint conferred standing on the plaintiff). When FNMA then assigned the Mortgage to MTGLQ and substituted MTGLQ as plaintiff, MTGLQ stood in the shoes of FNMA and assumed its rights regarding the Mortgage. MTGLQ, therefore, had standing to enforce the Mortgage and final judgment was appropriately entered.

Affirm.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1557-19