**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2176-22

TOWD POINT MORTGAGE
TRUST 2017-FRE1, U.S. BANK
NATIONAL ASSOCIATION,
as Indenture Trustee,

     Plaintiff-Respondent,

v.

SHERI L. BEST,

     Defendant-Appellant,

and

DENNIS RIORDON and
NATIONAL CITY BANK,

     Defendants.

_____

Submitted March 18, 2024 – Decided April 3, 2024

Before Judges Marczyk and Vinci.

On appeal from the Superior Court of New Jersey, Chancery Division, Hunterdon County, Docket No. F-019349-19.

Sheri L. Best, appellant pro se.

Fein, Such, Kahn & Shepard, PC, attorneys for respondent (Michael S. Hanusek, on the brief).

PER CURIAM

In this foreclosure action, defendant Sheri L. Best appeals from a March 17, 2023 order denying her motion to vacate default judgment filed two years after judgment was entered in favor of plaintiff Towd Point Mortgage Trust 2017-FRE1 (Towd Point). Based on our review of the record and applicable legal standards, we affirm.

On May 18, 2007, Best executed a note and purchase-money mortgage in the amount of $372,000 for property located in Califon, and delivered the note and mortgage to Bank of America, N.A. (Bank of America). Bank of America recorded the mortgage on June 4, 2007. The note provides Best, as the borrower, "understand[s] that the Lender [Bank of America] may transfer this [n]ote."

On September 11, 2012, Bank of America assigned the mortgage to Ocwen Loan Servicing, LLC (Ocwen). The assignment was recorded on September 25, 2012. On April 28, 2017, Ocwen assigned the mortgage to Select Portfolio Servicing, Inc. (SPS). The assignment was recorded on May 18, 2017.

On April 23, 2019, SPS assigned the mortgage to Towd Point. The assignment was recorded on May 10, 2019, and states SPS, as the "Assignor[,]

2                                                                                          A-2176-22

does hereby grant, sell, assign, transfer and convey, unto the above-named Assignee [Towd Point] all interest under that certain Mortgage Dated: [May 18, 2007], in the amount of $372,000[], executed by Sheri L. Best and Dennis Riordon, wife and husband to Bank of America, N.A."

On August 1, 2018, Best defaulted on her obligations under the note and mortgage. On November 14, 2019, Towd Point filed the underlying foreclosure complaint. On November 29, 2019, Best was personally served. Best did not answer the complaint. On January 20, 2020, Towd Point filed a request for and certification of default. On February 17, 2021, the court entered default judgment in favor of Towd Point in the amount of $331,422.87. On June 16, 2021, at Best's request, Towd Point faxed Best a payoff letter. On December 12, 2021, Towd Point assigned the mortgage to FirstKey Mortgage, LLC.

On February 14, 2023, Best, appearing pro se, moved to vacate default judgment pursuant to Rule 4:50-1. On March 13, 2023, the court heard oral argument and denied Best's motion in an oral decision, finding it was "entirely without merit" because: (1) she did not address any excusable neglect that warrants disturbing a default judgment; and (2) it was unreasonable that she filed her motion two years after judgment was entered. The court noted Best "clearly was aware of this litigation" because she was personally served with the

A-2176-22

complaint, was mailed copies of all documents, and requested and received a pay-off letter, yet did "not indicate at all why she failed to participate in this lawsuit."

On March 17, 2023, the trial court entered an order denying Best's motion for the reasons set forth on the record on March 13, 2023. On appeal, Best argues the court abused its discretion in denying her motion to vacate default judgment because Towd Point lacked standing to foreclose.

"The trial court's determination under [Rule 4:50-1] warrants substantial deference, and should not be reversed unless it results in a clear abuse of discretion." U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012). An abuse of discretion exists "when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Id. at 467-68 (quoting Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 123 (2007)).

We affirm substantially for the reasons set forth in the court's thorough and well-reasoned oral opinion. We add the following comments.

Pursuant to Rule 4:50-1,

> the court may relieve a party . . . from a final judgment or order for the following reasons: (a) mistake, inadvertence, surprise, or excusable neglect; (b) newly discovered evidence which would probably alter the

4

judgment or order and which by due diligence could not have been discovered in time to move for a new trial under [Rule] 4:49; (c) fraud . . . , misrepresentation, or other misconduct of an adverse party; (d) the judgment or order is void; (e) the judgment or order has been satisfied, released or discharged, or a prior judgment or order upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment or order should have prospective application; or (f) any other reason justifying relief from the operation of the judgment or order.

Without referring to a specific ground for relief under Rule 4:50-1, Best contends the court improperly denied her motion to vacate default judgment because Towd Point lacked standing to foreclose. Best's argument implicates Rule 4:50-1(a), excusable neglect, or (f), any other reason justifying relief from the operation of the judgment or order.

To obtain relief from a default judgment under Rule 4:50-1(a), the movant must demonstrate both excusable neglect and a meritorious defense. Dynasty Bldg. Corp. v. Ackerman, 376 N.J. Super. 280, 285 (App. Div. 2005). For relief under Rule 4:50-1(f), the movant must demonstrate the circumstances are exceptional, and that enforcement of the order or judgment would be unjust, oppressive, or inequitable. Badalamenti v. Simpkiss, 422 N.J. Super. 86, 103 (App. Div. 2011) (citing Linek v. Korbeil, 333 N.J. Super. 464, 473-74 (App. Div. 2000)).

A-2176-22

Best failed to establish a meritorious defense or exceptional circumstances warranting relief because, as the court correctly determined, Towd Point had standing to foreclose. "As a general proposition, a party seeking to foreclose a mortgage must own or control the underlying debt." Wells Fargo Bank, N.A. v. Ford, 418 N.J. Super. 592, 597 (App. Div. 2011) (quoting Bank of N.Y. v. Raftogianis, 418 N.J. Super. 323, 327-28 (Ch. Div. 2010)). A party has standing to foreclose if it either (a) "demonstrate[s] that it possessed the note" when it filed the complaint, or (b) "present[s] an authenticated assignment indicating that it was assigned the note before it filed the original complaint." Deutsche Bank Nat'l Tr. Co. v. Mitchell, 422 N.J. Super. 214, 224-25 (App. Div. 2011) (citing N.J.S.A. 46:9-9).

The court correctly found Towd Point had standing to foreclose based on certified copies of the note, mortgage, and assignment of mortgage that demonstrate Towd Point was the legal owner of the mortgage at the time it filed its foreclosure complaint. Because Best's claim that Towd Point lacked standing was without merit, the court did not abuse its discretion by denying her motion to vacate default judgment.

The court also did not abuse its discretion in determining Best's motion was untimely. A motion to vacate pursuant to Rule 4:50-1(a) must be filed "not

6

more than one year after the judgment, order or proceeding was entered or taken." R. 4:50-2. A motion pursuant to Rule 4:50-1(f) must be filed "within a reasonable time." Ibid. A court may not "enlarge the time specified by . . . [Rule] 4:50-2." R. 1:3-4(c).

If Best's motion was premised on Rule 4:50-1(a), it was precluded because it was filed more than one year after judgment was entered. If Best sought relief under Rule 4:50-1(f), the court did not abuse its discretion by determining her motion was untimely. As the court noted, Best did not offer any explanation for her failure to participate in the litigation or delay in waiting two years to move to vacate default judgment. There is no reason to disturb the court's determination that Best failed to seek relief under Rule 4:50-1(f) within a reasonable time. The court did not abuse its discretion by denying Best's motion to vacate default judgment.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2176-22