**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0114-23

WELLS FARGO BANK, NATIONAL
ASSOCIATION AS TRUSTEE FOR
OPTION ONE MORTGAGE LOAN
TRUST 2006-1, ASSET-BACKED
CERTIFICATES, SERIES 2006-1,

      Plaintiff-Respondent,

v.

WARREN C. HAINES, HIS HEIRS,
DEVISEES AND PERSONAL
REPRESENTATIVES AND
HIS OR ANY OF THEIR
SUCCESORS IN RIGHT, TITLE
AND INTEREST, MADELINE P.
HAINES, INDIVIDUALLY AND
AS KNOWN HEIR OF WARREN C.
HAINES, MR. HAINES, UNKNOWN
SPOUSE OF MADELINE P.
HAINES, INDIVIDUALLY AND AS
KNOWN HEIR OF WARREN C.
HAINES, WF VICTORIA GRANTOR
TRUST 2016-1, MRS. HAINES
UNKNOWN SPOUSE OF MICHAEL
HAINES, KNOWN HEIR OF
WARREN C. HAINES, ELLISSA
HAINES, KNOWN HEIR OF
WARREN C. HAINES, MR. HAINES

UNKNOWN SPOUSE OF KNOWN
HEIR OF WARREN C. HAINES,
SCOTT HAINES, KNOWN HEIR OF
WARREN C. HAINES, MRS. HAINES,
UNKNOWN SPOUSE OF SCOTT
HAINES, KNOWN HEIR OF
WARREN C. HAINES, REBECCA
HAINES, KNOWN HEIR OF
WARREN C. HAINES, MR. HAINES,
UNKNOWN SPOUSE OF REBECCA
HAINES, KNOWN HEIR OF
WARREN C. HAINES, BARBARA
IAVICOLA, SEARS ROEBUCK &
COMPANY, WOODBINE
DEVELOPMENT CENTER, COLES
MUSIC SERVICES, LLC, STATE
OF NEW JERSEY, and UNITED
STATES OF AMERICA,

     Defendants,

and

MICHAEL HAINES, KNOWN HEIR
OF WARREN C. HAINES,

     Defendant-Appellant.

_____

Submitted March 5, 2025 – Decided June 11, 2025

Before Judges Gummer and Jacobs.

On appeal from the Superior Court of New Jersey, Chancery Division, Gloucester County, Docket No. F-000719-19.

Michael P. Haines, appellant pro se.

2

Duane Morris, LLP, and Stern & Eisenberg, PC, attorneys for respondent (Salvatore Carollo, of counsel; Brett L. Messinger and James C. Carignan, of counsel and on the brief).

PER CURIAM

Michael Haines, heir of defendant Warren Haines, appeals from an August 25, 2023 order denying his motion to vacate pursuant to Rule 4:50-1(d) (judgment is void) or (f) (any other reason justifying relief). We reject defendant's arguments and affirm substantially for reasons expressed by Judge Robert G. Malestein in his cogent oral and written decisions of the same date. We add only the following brief comments.

In 2005, Madeline Haines and Warren Haines (Borrowers) signed a promissory note agreeing to repay a loan of $196,200.00, plus interest, to H&R Block Mortgage Corporation (H&R). The Borrowers executed a mortgage granting H&R a lien on their home in Clarksboro to secure performance of financial obligations under the note's terms. H&R subsequently assigned ownership of the mortgage to another mortgage company, which then re-assigned ownership to plaintiff. Both assignments were recorded with the Gloucester County Clerk, as evidenced in the record.

Warren Haines passed away intestate in 2011. His widow, Madeline, executed modifications to the terms of the loan in 2013 and 2016 but defaulted by failing to make payments. In January 2019 plaintiff filed a complaint seeking a money judgment and authority to foreclose on the property. The record shows defendant and Madeline Haines were named in the complaint as known heirs of Warren Haines. The record shows they were duly served, and perfection of timely service is not contested. No responsive pleadings were filed, and plaintiff obtained a default judgment and writ of execution in December 2019.

In July 2023, defendant filed a motion to vacate the final judgment on grounds that plaintiff "did not establish it[s] burden to . . . foreclose" as it had not "properly . . . evidence[d] that it is the holder of the note or a non-holder in possession with rights of the hold under N.J.S.A. 12A:3-301." Stated otherwise, defendant argued that plaintiff did not have standing because it had not properly recorded the note. Defendant also asserted that Vanessa Giorgiani, contract management coordinator for PHH Mortgage Corporation, a mortgage loan servicer, did not have personal knowledge necessary to certify, as she did, that the mortgage and assignments had been filed and that plaintiff was validly "the holder of the [subject] note and mortgage."

In denying defendant's application, Judge Malestein observed that

4

> [t]o have standing in a foreclosure case, a mortgagee must own or control the underlying debt. Wells Fargo Bank, N.A. v. Ford, 418 N.J. Super. 592, 597 (App. Div. 2011). To establish standing to bring a foreclosure action, a plaintiff must show that it is either in possession of the note or was assigned the mortgage at the time it brought the complaint. Deutsche Bank v. Mitchell, 422 N.J. Super. 214, 225 (App Div. 2011). The Mitchell court then stated that the plaintiff "could have established standing as an assignee, N.J.S.A. 46:9-9, if it had presented an authenticated assignment indicating it was assigned the note before it filed the complaint." Id.

Like the court, we have reviewed the record and are satisfied that plaintiff had standing because the note and mortgage were assigned to, possessed and recorded by plaintiff before the complaint was filed. Further, we are satisfied Judge Malestein properly rejected defendant's argument that Giorgiani lacked the personal knowledge necessary to attest to the authenticity of the note and mortgage. Indeed, we endorse the court's finding that Giorgiani's certification "leads squarely to the opposite conclusion." In its written decision, the court detailed the Gloucester County Clerk's recordation of the note, mortgage, and assignments.

Judge Malestein found that defendant was not entitled to have the final judgment vacated under Rule 4:50(1)(f) in that there was no evidence of exceptional circumstances that would render enforcement of the final judgment

A-0114-23

"unjust, inequitable, or oppressive." Finally, the court found plaintiff had provided "all of the necessary requisite notice[s] to foreclose." We agree.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

6

A-0114-23