**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3275-24

U.S. BANK TRUST NATIONAL
ASSOCIATION,

    Plaintiff-Respondent,

v.

KEVIN ARI SKOLNIK,

    Defendant-Appellant,

and

STACIE BROMBERG and
MAIN STREET HOMEOWNERS
ASSOCIATION, INC.,

    Defendants.

_____

Submitted April 22, 2026 – Decided May 22, 2026

Before Judges Berdote Byrne and Jablonski.

On appeal from the Superior Court of New Jersey, Chancery Division, Middlesex County, Docket No. F-008943-24.

Kevin Ari Skolnik, self-represented appellant.

KML Law Group, PC, attorneys for respondent (J. Eric Kishbaugh, on the brief).

PER CURIAM

In this residential mortgage foreclosure matter, defendant Kevin Ari Skolnik appeals from the Chancery Division order denying his cross-motion to dismiss. We affirm.

I.

On June 24, 2005, Kevin Ari Skolnik and Stacie A. Bromberg (collectively, defendants) executed a promissory note in the amount of $270,750 in favor of Jersey Mortgage Company. To secure repayment, they executed a mortgage in favor of Mortgage Electronic Registration Systems, Inc. (MERS), as nominee for Jersey Mortgage Company, encumbering their residential property in Sayreville. The mortgage was recorded on July 25, 2005. The mortgage subsequently passed through a series of assignments. The final assignment, from MERS to plaintiff U.S. Bank Trust National Association, was executed on June 18, 2024 and recorded on June 28, 2024.

Defendants defaulted on their mortgage obligations and have remained unpaid since. On November 7, 2023, and again on August 8, 2024, plaintiff's loan servicer sent notices of default and intention to foreclose (NOI) to

defendants pursuant to N.J.S.A. 2A:50-56. Plaintiff then filed a complaint in foreclosure on September 16, 2024. Skolnik filed a timely answer.

On February 28, 2025, plaintiff moved for summary judgment, which the court granted on March 28, 2025. The court reasoned Skolnik had "failed to bring forward any genuine issue of material fact as to the subject mortgage's validity, the amount of indebtedness, the [d]efendant's default, and/or the mortgagee's right to foreclose." Skolnik moved for reconsideration, which the court denied.

Plaintiff then moved for entry of final judgment. On May 12, 2025, Skolnik filed a cross-motion for an order barring plaintiff's foreclosure claims. On June 6, 2025, the trial court denied Skolnik's cross-motion and entered final judgment in plaintiff's favor in the amount of $282,372.54. This appeal followed.

II.

We review a decision granting a motion for entry of a final judgment of foreclosure for abuse of discretion. Customers Bank v. Reitnour Inv. Props., LP, 453 N.J. Super. 338, 348 (App. Div. 2018). "A court abuses its discretion when its decision is made without rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." Pine Ridge

Realty Assocs., LLC v. A.O., 483 N.J. Super. 487, 492 (App. Div. 2026) (quoting State v. Chavies, 247 N.J. 245, 257 (2021)). However, we review the trial court's legal conclusions de novo. Hopson v. Cirz, 482 N.J. Super. 232, 251 (App. Div. 2025).

Skolnik's primary argument on appeal is that plaintiff's foreclosure claims are barred for failing to comply with the statutory requirements enumerated in the Fair Foreclosure Act (FFA), N.J.S.A. 2A:50-53 to - 68. Specifically, he argues the NOIs were invalid because they were not sent by a "residential mortgage lender."

The FFA sets forth procedures to be followed by a lender when initiating a foreclosure action. Pursuant to the FFA:

> Upon failure to perform any obligation of a residential mortgage by the residential mortgage debtor and before any residential mortgage lender may accelerate the maturity of any residential mortgage obligation and commence any foreclosure or other legal action to take possession of the residential property which is the subject of the mortgage, the residential mortgage lender shall give a [NOI], which shall include a notice of the right to cure the default . . . at least 30 days, but not more than 180 days, in advance of such action as provided in this section, to the residential mortgage debtor.
>
> [N.J.S.A. 2A:50-56(a).]

Further, the FFA states the NOI

4

shall be in writing, . . . sent to the debtor by registered or certified mail, return receipt requested, at the debtor's last known address, and, if different, to the address of the property which is the subject of the residential mortgage. The notice is deemed to have been effectuated on the date the notice is delivered in person or mailed to the party.

[N.J.S.A. 2A:50-56(b).]

Contrary to Skolnik's argument, nothing in the FFA precludes a lender from sending a NOI through a third-party mailer. See N.J.S.A. 2A:50-56. The FFA simply requires "the residential mortgage lender shall give a [NOI]." N.J.S.A. 2A:50-56(a). Notably, in U.S. Bank Nat. Ass'n v. Guillaume, 209 N.J. 449 (2012), the NOI was issued by the loan servicer rather than the lender, yet this did not render the NOI invalid. The record here demonstrates the NOIs were sent in compliance with the FFA.

Skolnik further argues plaintiff did not have standing to foreclose on the mortgage. Standing "is an element of justiciability" that "'affects whether a matter is appropriate for judicial review rather than whether the court has the power to review the matter . . . .'" Deutsch Bank Nat'l Tr. Co. v. Russo, 429 N.J. Super. 91, 101 (App. Div. 2012) (quoting N.J. Citizens Action v. Riviera Motel Corp., 296 N.J. Super. 402, 411 (App. Div. 1997)). To have standing in a foreclosure action, "'a party seeking to foreclose a mortgage must own or control

5

the underlying debt.'" <u>Wells Fargo Bank, N.A. v. Ford</u>, 418 N.J. Super. 592, 597 (App. Div. 2011) (quoting <u>Bank of N.Y. v. Raftogianis</u>, 418 N.J. Super. 323, 327-28 (Ch. Div. 2010)). Thus, "either possession of the note or an assignment of the mortgage that predated the original complaint confer[s] standing." <u>Deutsche Bank Tr. Co. Americas v. Angeles</u>, 428 N.J. Super 315, 318 (App. Div. 2012).

The trial court correctly found plaintiff had standing, as plaintiff established itself as holder of the note and was assigned the mortgage prior to filing the complaint. Either of these circumstances is sufficient to confer standing on plaintiff.

Finally, Skolnik asserts plaintiff's foreclosure claims are barred by the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692 to -1692p. However, Skolnik offers no explanation for why the FDCPA would bar plaintiff's claims, nor does he cite any legal authority to support his assertions. <u>See</u> <u>S. Jersey Catholic Sch. Teachers Org. v. Saint Teresa of the Infant Jesus Church Elem. Sch.</u>, 150 N.J. 575, 598 (1997) ("Issues that are raised but are not supported with arguments are deemed waived.").

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Hanley*

Clerk of the Appellate Division

6

A-3275-24