**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0180-17T3

THE BANK OF NEW YORK
MELLON TRUST COMPANY
NATIONAL ASSOCIATION,
f/k/a The Bank of New York
Trust Company, N.A. as Successor
to JPMorgan Chase Bank, as
Trustee for Residential Asset
Mortgage Products, Inc., Home
Equity Mortgage Asset-Backed
Pass-Through Certificates,
Series 2004-KR2,

     Plaintiff-Respondent,

v.

DENISE GRECO, MR. GRECO,
Husband of Denise Greco, ALFRED
GRECO,

     Defendants-Appellants,

and

JP MORGAN CHASE BANK,
NATIONAL ASSOCIATION;
HOUSEHOLD FINANCE
CORPORATION III; AMERICAN
EXPRESS TRAVEL RELATED

SERVICES CO., INC.; A SAFE
SELF STORAGE PLACE INC.,
PARSIPPANY DENTAL CARE,

      Defendants,

and

ALFRED GRECO AND DENISE GRECO,

      Third-Party Plaintiffs-
      Appellants,

v.

U.S. BANK, N.A.; AMERICA'S
SERVICING COMPANY; MORTGAGE
ELECTRONIC REGISTRATION
SERVICES,

      Third-Party Defendants-
      Respondents,

and

PHELAN HALLINAN, DIAMOND &
JONES, PC, PHELAN HALLINAN,
SCHMIEG, PC, ROSEMARIE
DIAMOND, ESQ.,

      Third-Party Defendants.
_____

      Submitted October 11, 2018 - Decided  October 22, 2018

      Before Judges Accurso and Moynihan.

On appeal from Superior Court of New Jersey, Chancery Division, Passaic County, Docket No. F-012809-16.

Tomas Espinosa, attorney for appellants.

Reed Smith, LLP, attorneys for respondents (Henry F. Reichner, of counsel and on the brief; David G. Murphy, on the brief).

PER CURIAM

In this contested mortgage foreclosure action, defendant Denise Greco and her husband Alfred Greco appeal from the denial of their motion to dismiss the complaint, the entry of summary judgment striking their answer, and the subsequent final judgment. They contend the trial court erred in finding plaintiff The Bank of New York Mellon Trust Company, National Association F/K/A The Bank of New York Trust Company, N.A. as successor to JPMorgan Chase Bank, as trustee for Residential Asset Mortgage Products, Inc., Home Equity Mortgage Asset-Backed Pass-Through Certificates, Series 2004-Kr2 had standing to foreclose their mortgage, was entitled to enforce the note and that the complaint was not barred by the six-year statute of limitations in N.J.S.A. 12A:3-118(a). Our review of the record convinces us that none of those arguments is of sufficient merit to warrant extended discussion in a written opinion. R. 2:11-3(e)(1)(E).

3

Defendants admit Alfred Greco executed and delivered on June 23, 2004, a $533,700 note to Mortgage Lenders Network USA, Inc., secured by a purchase money mortgage executed by Alfred and Denise Greco on their home in North Haledon to Mortgage Electronic Registration Systems, Inc., (MERS) as nominee for the lender, its successors and assigns.[1] They further admit they defaulted on the loan in June 2007, have not made any payments since that time, and that plaintiff served them with a notice of intent to foreclose thirty days before filing its complaint.

The foreclosure of this securitized mortgage has a long procedural history. U.S. Bank, N.A. obtained final judgment in foreclosure against defendants in June 2008. Defendants appealed. While the matter was pending in this court, U.S. Bank apparently realized a problem with the assignment of the mortgage it received from MERS; specifically, that MERS had not assigned U.S. Bank the mortgage until a date after the complaint was filed. U.S. Bank accordingly entered into a stipulation with defendants for a remand to the trial court for the purpose of vacating the final judgment and dismissing the foreclosure without prejudice.

---

[1] Alfred Greco and Denise Greco deeded the property to Denise Greco in 2006.

In May 2016, plaintiff filed a new foreclosure complaint against defendants, detailing the assignment history of the mortgage, including two different recorded assignments into plaintiff, one in 2011 from MERS as nominee for the original lender and one in 2015 from U.S. Bank. Defendants contended the assignment from U.S. Bank is invalid because the assignment into U.S. Bank by MERS was executed by someone without specific authority to do so on the date of the assignment.

The trial court rejected defendants' attack on the assignment of the mortgage. Besides noting that defendants, as strangers to the assignment, were without standing to assert the rights of third-parties as to its validity, see Bank of N.Y. v. Raftogianis, 418 N.J. Super. 323, 350 (Ch. Div. 2010), the judge found plaintiff's recorded assignment pre-dating the complaint provided it standing to prosecute the foreclosure under established New Jersey law, see Deutsche Bank Tr. Co. Ams. v. Angeles, 428 N.J. Super. 315, 318 (App. Div. 2012).[2]

---

[2] N.J.S.A. 46:18-13, effective February 18, 2016, prior to the file date of this action, expressly permits "the established holder of the mortgage," defined as "the record holder of the mortgage as established by the latest record of assignment or by the original mortgage recording in the records of the county clerk" to "take action to foreclose a mortgage."

A-0180-17T3

Defendants also disputed plaintiff's assertion that it possessed the original note prior to filing its complaint. Plaintiff contended the note was endorsed by the original lender to Residential Funding Corporation, which in turn endorsed it to JPMorgan Chase Bank, as trustee, plaintiff's predecessor. Plaintiff asserted that when it assumed the role of trustee, Residential Funding cancelled its endorsement to JPMorgan as trustee and endorsed the note to plaintiff as successor trustee. Defendants asserted plaintiff "has never been a trustee," that "[t]he documents of the loan never became property of the trust, the documents of the loan never were legally possessed by the trustee (plaintiff)[,] the trustee never became the note holder nor a nonholder with the right[s] of a holder . . . whether at the closing date of the trust per the [pooling and servicing agreement] nor subsequently on or before the filing of the present action."

The General Equity judge found the certification submitted by an employee of plaintiff's servicer that her review of the servicer's records revealed it was in possession of the note before plaintiff filed its complaint fully complied with the personal knowledge requirement of R. 1:6-6 and Wells Fargo Bank, N.A. v. Ford, 418 N.J. Super. 592, 599-600 (App. Div. 2011), and defendants offered no proof of their own to put the fact in issue. Indeed, defendants admit plaintiff's servicer has serviced the loan since before the first action was

dismissed. Because plaintiff established its possession of the note, specifically endorsed to its order, prior to its filing of the foreclosure complaint, the judge concluded plaintiff established its standing to enforce the note and foreclose the mortgage. See Raftogianis, 418 N.J. Super. at 356. The judge further noted that even if defendants could somehow establish a flaw in the endorsements impugning plaintiff's status as a holder, plaintiff had established its possession of the note, providing it the right to enforce it under N.J.S.A. 12A:3-203(b). See Raftogianis, 418 N.J. Super. at 331-32.

Defendants have provided us no basis to second-guess the General Equity judge's findings. There appears nothing in this record to suggest that defendants' mortgage was not securitized sometime after the loan was made, or that plaintiff, acting as trustee, is not the entity entitled to enforce the debt. "It is a fundamental maxim of equity that 'equity looks to substance rather than form.'" Id. at 348 (quoting Applestein v. United Bd. & Carton Corp., 60 N.J. Super. 333, 348 (Ch. Div.), aff'd o.b., 33 N.J. 72 (1960)). Both the endorsement and transfer of the note and the recorded assignments of mortgage all appear aimed at providing plaintiff the right to enforce the debt by foreclosing defendants' mortgage. Defendants admit they borrowed over half a million dollars to buy the house where they have resided without making any payments toward the

mortgage, real estate taxes or insurance for the last eleven years. As we have previously noted, "[i]n foreclosure matters, equity must be applied to plaintiffs as well as defendants." Angeles, 428 N.J. Super. at 320.

We also reject defendants' argument that N.J.S.A. 12A:3-118(a) controls here. N.J.S.A. 12A:3-118(a) provides for a six-year statute of limitations in "an action to enforce the obligation of a party to pay a note." Plaintiff, however, has not sued defendants on the note. Plaintiff's suit is one to foreclose the mortgage, and is thus controlled by N.J.S.A. 2A:50-56.1, which provides:

> An action to foreclose a residential mortgage shall not be commenced following the earliest of:
>
> a. Six years from the date fixed for the making of the last payment or the maturity date set forth in the mortgage or the note, bond, or other obligation secured by the mortgage, whether the date is itself set forth or may be calculated from information contained in the mortgage or note, bond, or other obligation, except that if the date fixed for the making of the last payment or the maturity date has been extended by a written instrument, the action to foreclose shall not be commenced after six years from the extended date under the terms of the written instrument;
>
> b. Thirty-six years from the date of recording of the mortgage, or, if the mortgage is not recorded, 36 years from the date of execution, so long as the mortgage itself does not provide for a period of repayment in excess of 30 years; or

c. Twenty years from the date on which the debtor defaulted, which default has not been cured, as to any of the obligations or covenants contained in the mortgage or in the note, bond, or other obligation secured by the mortgage, except that if the date to perform any of the obligations or covenants has been extended by a written instrument or payment on account has been made, the action to foreclose shall not be commenced after 20 years from the date on which the default or payment on account thereof occurred under the terms of the written instrument.

[N.J.S.A. 2A:50-56.1(a) to (c) (emphasis added).]

As the maturity date expressly "set forth" in defendants' note is July 1, 2034, plaintiff's foreclosure is obviously timely.

We further reject, as inconsistent with the statute, defendants' alternative argument that plaintiff having declared the whole of the unpaid principal, interest and any advances due on defendants' default in 2007, its complaint had to have been filed within six years of that new maturity date instead of by the original July 1, 2034 maturity date set forth in the note. The plain language of N.J.S.A. 2A:50-56.1(a) permits calculation of a maturity date only "from information contained in the mortgage or note." As defendants' default and the lender's acceleration of all amounts due are not "information contained in the mortgage or note," the July 1, 2034 maturity date "set forth in the mortgage" clearly controls. Ibid.

A-0180-17T3

Our review of the record convinces us plaintiff established its entitlement to summary judgment striking defendants' answer and permitting the matter to proceed as uncontested. Defendants' claims that the matter was time-barred and plaintiff failed to establish its standing to foreclose are plainly without merit.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0180-17T3