**NOT FOR PUBLICATION WITHOUT THE APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5253-16T3

WELLS FARGO BANK, NA, as
Trustee, on behalf of the holders
of Structured Asset Mortgage
Investments II, Inc., Bear Stearns
Mortgage Funding, Trust 2007-AR5,
Mortgage Pass Through Certificates,
Series 2007-AR5,

     Plaintiff-Respondent,

v.

GERALD HOWARD,

     Defendant-Appellant,

and

SARAH HOWARD, his wife, each
of their heirs, devisees, and personal
representatives, and his, her, their,
or any of their successors in right,
title and interest; MORTAGE
ELECTRONIC REGISTRATION
SYSTEMS, INC., as Nominee for
Bear Stearns Residential Mortgage
Corporation; MORTGAGE
ELECTRONIC REGISTRATION
SYSTEMS, INC., as Nominee for

Nationstar Mortgage LLC; and
NAPUS FEDERAL CREDIT
UNION,

   Defendants.

Submitted January 15, 2019 – Decided February 28, 2019

Before Judges Rothstadt and Gilson.

On appeal from Superior Court of New Jersey, Chancery Division, Union County, Docket No. F-026293-14.

Gerald Howard, appellant pro se.

Parker Ibrahim & Berg, LLP, attorneys for respondent (Charles W. Miller, III, Ben Z. Raindorf, and Carl D. Carlucci, on the brief.)

PER CURIAM

In this residential mortgage foreclosure action, defendant Gerald Howard appeals from a June 23, 2017 order denying his motion to vacate a final judgment. We affirm because defendant failed to establish any basis for vacating the final judgment.

The record establishes the material facts. In May 2007, defendant Sarah Howard took a loan of $364,800 and executed a promissory note to repay the loan. The note was payable to Bear Stearns Residential Mortgage Corporation (Bear Stearns) and Bear Stearns indorsed the note to EMC Mortgage

2

Corporation. EMC Mortgage Corporation thereafter indorsed the note in blank. Defendants Gerald Howard and Sarah Howard also executed a mortgage on property located in Rahway. The mortgage was given to Mortgage Electronic Registration Systems, Inc. (MERS), as nominee for Bear Stearns and Bear Stearns's successors and assigns. The mortgage was duly recorded.

In July 2010, MERS assigned the mortgage to "Wells Fargo Bank, National Association as Trustee for Structured Asset Mortgage Investments II Inc. Bear Stearns Mortgage Funding Trust 2007-AR5, Mortgage Pass-Through Certificates, Series 2007-AR5" (Wells Fargo or plaintiff). A corrected assignment was executed in May 2013. Both the assignment and corrected assignment were recorded.

On October 31, 2013, a notice of intent to foreclose was sent by Select Portfolio Servicing, Inc. (the Servicing Company) to defendants. The notice explained that the Servicing Company was working on behalf of Wells Fargo and identified Wells Fargo as the lender.

On June 26, 2014, Wells Fargo filed a foreclosure complaint against defendants. Defendant Gerald Howard filed a contesting answer and Wells Fargo, thereafter, moved for summary judgment. In support of its motion, Wells Fargo submitted a certification from Sherry Benight, a document control officer

of the Servicing Company. Benight certified that she had personally reviewed the relevant business records and that Wells Fargo was the holder of the note and the assignee of the mortgage. Certified copies of the note, the mortgage, and the assignments of mortgage were attached to the Benight certification. The Chancery court granted summary judgment in favor of Wells Fargo in an order entered on March 6, 2015.

In March 2017, Wells Fargo filed a motion for final judgment. In support of that motion, Wells Fargo submitted a certification from Pamela Evans, another document control officer for the Servicing Company. Evans certified the amount due to Wells Fargo and that Wells Fargo was the holder of the note. Defendant objected to the entry of the final judgment and cross-moved to dismiss the complaint. The Chancery court denied defendant's motion on May 1, 2017. The final judgment was then entered in favor of Wells Fargo on May 3, 2017. Thereafter, defendant moved to vacate the final judgment. The Chancery court denied that motion in an order entered on June 23, 2017. Defendant now appeals from the June 23, 2017 order.

On appeal, defendant makes two arguments. First, he contends that Wells Fargo lacked standing to pursue the foreclosure action. Second, he argues that the notice of intent was defective. Neither of these arguments has any merit.

Having conducted a de novo review, the record establishes that Wells Fargo had standing and the notice of intent complied with the Fair Foreclosure Act (the Act), N.J.S.A. 2A:50-53 to -68. Indeed, defendant's arguments lack sufficient merit to warrant an extended discussion in a written opinion. R. 2:11-3(e)(1)(E).

To have standing to foreclose on a mortgage, a party generally "must own or control the underlying debt." Deutsche Bank Nat'l Tr. Co. v. Mitchell, 422 N.J. Super. 214, 222 (App. Div. 2011) (quoting Wells Fargo Bank, N.A. v. Ford, 418 N.J. Super. 592, 597 (App. Div. 2011)). We have held that a plaintiff has standing to foreclose if it establishes that it has possession of the note or an assignment of the mortgage that pre-dates the original complaint. Deutsche Bank Tr. Co. Ams. v. Angeles, 428 N.J. Super. 315, 318 (App. Div. 2012) (citing Mitchell, 422 N.J. Super. at 216, 225).

Here, Wells Fargo presented a certification that it possessed the note and mortgage before the filing of the complaint. Indeed, it also presented certified true copies of the note, the mortgage, and the assignments of the mortgage. The certification, moreover, was made by a person who reviewed the business records concerning the note and mortgage.

Defendant next argues that the notice of intent did not comply with the Act because there was no verification that the note had been transferred to Wells Fargo before the notice of intent was sent to defendants. The requirements for what must be in the notice of intent are set forth in N.J.S.A. 2A:50-56. Of relevance here, the notice must include "the name and address of the lender and the telephone number of a representative of the lender whom the debtor may contact[.]" N.J.S.A. 2A:50-56(c)(11). The notice of intent sent to defendants identified Wells Fargo as the lender and the Servicing Company as a representative of Wells Fargo with whom defendants could communicate.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5253-16T3