**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2549-17T3

HSBC BANK USA, NATIONAL
ASSOCIATION AS TRUSTEE
FOR PHH ALTERNATIVE
MORTGAGE TRUST, SERIES
2007-2,

      Plaintiff-Respondent,

v.

CLARA L. PRISAMENT,

      Defendant-Appellant,

and

MR. PRISAMENT, husband of
CLARA L. PRISAMENT,

      Defendant.

_____

        Submitted February 13, 2019 – Decided April 25, 2019

        Before Judge Koblitz and Currier.

        On appeal from Superior Court of New Jersey, Chancery Division, Bergen County, Docket No. F-004361-16.

Clara L. Prisament, appellant pro se.

Phelan Hallinan Diamond & Jones, PC, attorneys for respondent (Sonya Gidumal Chazin, on the brief).

PER CURIAM

In this residential foreclosure action, defendant Clara L. Prisament appeals from several orders entered during the litigation resulting in a final judgment in December 2017. After a review of defendant's contentions in light of the record and applicable legal principles, we affirm.

In 2007, defendant executed a note to PHH Mortgage Corporation d/b/a Coldwell Banker Mortgage. The note was secured by a mortgage, executed the same day, to Mortgage Electronic Registration Systems, Inc. (MERS). In 2010, MERS assigned the mortgage to plaintiff. The mortgage was again assigned by MERS to plaintiff in 2013 to correct an error.

After several modification agreements, defendant defaulted on her obligations under the note and mortgage in 2013. Defendant failed to cure the default and plaintiff filed a complaint for foreclosure in 2016. Defendant's contesting answer alleged eighteen affirmative defenses. As a result, the trial court conducted a hearing in November 2016.

Plaintiff presented a witness from its default loan department, who produced the original note and mortgage. He also informed the court that the

2

second assignment was a "corrective assignment of mortgage to clarify the full pool name as the assignee."

In an oral decision, the trial judge found the notice of intention to foreclose (NOI) complied with the requirements of the Fair Foreclosure Act, N.J.S.A. 2A:50-53 to -68, and plaintiff had established a prima facie case to foreclose. He determined plaintiff had standing to foreclose as it possessed the note prior to the complaint and the valid assignment of the mortgage. The November 1, 2016 order dismissed defendant's defenses and referred the case to the Office of Foreclosure as uncontested.

Plaintiff's subsequent motion to expunge the 2010 assignment was opposed by defendant. In granting the motion on May 12, 2017, the judge noted the 2010 assignment did not accurately list the assignee's name and that error was corrected in the 2013 assignment. He rejected defendant's challenge to the mortgage assignments, stating "the issuance of a corrective assignment does not destroy the chain of title to remove standing from a subsequent assignee." The judge also referred to his prior order establishing plaintiff had standing to institute foreclosure and the validity of the NOI.

Thereafter, plaintiff moved for final judgment. In his review of defendant's objection to the calculation of the amount due, the judge noted there

A-2549-17T3

was no "specific objection to any of the amounts asserted" in plaintiff's application. She also failed to offer any proofs as to what she believed was due. Final judgment was entered December 28, 2017.

In defendant's appeal, she contends that plaintiff's witness gave false testimony during the November 2016 hearing. She also reiterates her arguments that 1) plaintiff does not have standing to prosecute its claim; 2) the NOI was invalid; and 3) the schedule of amounts due and accompanying certification were inadmissible hearsay documents. We are unpersuaded by these assertions.

It is well-established that in order to have standing in a foreclosure action, the "party seeking to foreclose a mortgage must own or control the underlying debt." Wells Fargo Bank, N.A. v. Ford, 418 N.J. Super. 592, 597 (App. Div. 2011) (quoting Bank of N.Y. v. Raftogianis, 418 N.J. Super. 323, 327-28 (Ch. Div. 2010)). Standing is conferred by "either possession of the note or an assignment of the mortgage that predated the original complaint." Deutsche Bank Tr. Co. Ams. v. Angeles, 428 N.J. Super. 315, 318 (App. Div. 2012) (citing Deutsche Bank Nat'l Tr. Co. v. Mitchell, 422 N.J. Super. 214, 216, 225 (App. Div. 2011)).

Here, we are satisfied plaintiff established a prima facie case for foreclosure. Plaintiff clearly demonstrated its standing to foreclose on the

property because the assignment of the mortgage from MERS predated the filing of the foreclosure complaint. Upon that assignment, and underlying transfer of possession, plaintiff became the holder of the instrument. Additionally, plaintiff provided the original note, mortgage, and NOI to the trial judge as exhibits during the hearing.

Defendant's remaining arguments lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2549-17T3