**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4262-16T4

WILMINGTON SAVINGS FUND
SOCIETY, FSB, doing business
as CHRISTIANA TRUST, not in
its individual capacity, but solely
as trustee for BCAT 2015-14BTT,

      Plaintiff-Respondent,

v.

CHRIS ANN JAYE,

      Defendant-Appellant,

and

MR. JAYE, husband of CHRIS ANN
JAYE, and OAK KNOLL VILLAGE
CONDOMINIUM OWNERS'
ASSOCIATION, INC.,

      Defendants.

_____

Argued December 12, 2018 – Decided May 23, 2019

Before Judges Koblitz and Ostrer.

On appeal from Superior Court of New Jersey, Chancery Division, Mercer County and Hunterdon County, Docket No. F-006447-16.

Chris Ann Jaye, appellant, argued the cause pro se.

John E. Brigandi argued the cause for respondent (Knuckles Komosinski & Manfro, LLP, attorneys; John E. Brigandi, on the brief).

PER CURIAM

Defendant Chris Ann Jaye appeals from a foreclosure judgment that resulted in the sale of her home, which she bought back at auction. She wants the "money she paid to the sheriff returned by order of this court," and for the record to be cleared of all the "lies and encumbrances." Jaye raises several issues on appeal, none of which have merit. We address her two primary arguments. She claims plaintiff lacked standing to bring the foreclosure action against her, and summary judgment was inappropriate because there were genuine issues of material fact concerning the validity of plaintiff's documentation. First, we conclude plaintiff established standing as a holder of the note and as the last recorded assignee of the mortgage. Second, Jaye's bald denials did not create a genuine issue of fact barring summary judgment.

We discern the following facts from the record. On August 17, 2007, Jaye executed a promissory note in favor of Bank of America (BoA) for $115,000.

2

The note was secured by a recorded mortgage on her residential property in Annandale. Jaye stopped making payments on the note in July 2010.

BoA assigned the mortgage to plaintiff on September 30, 2015. An employee of Selene Finance, LP (Selene), BoA's mortgage servicer and attorney-in-fact, signed the assignment for BoA. The assignment was recorded in Hunterdon County on October 19, 2015.

Selene sent Jaye a notice of default and intent to foreclose on October 6, 2015. Jaye did not cure her default. Five months later, plaintiff filed its foreclosure complaint against Jaye, which included a certification from a Selene employee attesting to the facts of the case and explaining Selene's role as plaintiff's mortgage-loan servicer. Soon after Jaye's answer, plaintiff moved for summary judgment. Plaintiff provided copies of the note, mortgage, and mortgage assignment, which a Selene employee certified to be accurate.

Jaye opposed and cross-moved for summary judgment. She argued that plaintiff did not have standing and did not comply with Rule 4:64 governing foreclosure actions. She also asserted, based on plaintiff's failure, initially, to sign its responses to Jaye's requests for admission, that plaintiff effectively admitted that the mortgage assignment was fraudulent.

A-4262-16T4

At the summary judgment hearing, Jaye disputed the promissory note's validity, but was unable to explain why the signature on the note matched her signature on her pro se court filings. Jaye also disputed that she defaulted on the note, but provided no evidence of payment, stating only, "I will leave that for trial."

The judge concluded that Jaye did not present sufficient evidence to create a triable dispute and plaintiff complied with Rule 4:64. The judge entered an order granting plaintiff summary judgment, striking Jaye's answer, and instructing the court clerk to enter default against Jaye.

Plaintiff subsequently filed, and the court granted, a motion for final judgment. The court entered a writ of execution ordering sale of the mortgaged property. After Jaye filed her notice of appeal, she unsuccessfully sought to vacate the judgment and stay the sheriff sale. She bought back her home at the auction.

We turn first to the issue of standing. Jaye contends plaintiff did not prove it controlled the underlying debt. She also contends plaintiff violated Rule 4:64. She alleges that: the complaint did not provide a copy of the note, or proof of possession; the certifications submitted by Selene employees were insufficient because there was no proof Selene could act for plaintiff; and the Selene

A-4262-16T4

employees did not have personal knowledge of the case. These arguments are unpersuasive.

To have standing, a party seeking foreclosure must "own or control the underlying debt." Wells Fargo Bank, N.A. v. Ford, 418 N.J. Super. 592, 597 (App. Div. 2011) (quoting Bank of N.Y. v. Raftogianis, 418 N.J. Super. 323, 328 (Ch. Div. 2010)). Absent proof of standing, the complaint must be dismissed. Ibid.

The Uniform Commercial Code generally provides for "three categories of persons entitled to enforce negotiable instruments." Deutsche Bank Nat'l Trust Co. v. Mitchell, 422 N.J. Super. 214, 223 (App. Div. 2011). First, a plaintiff can be a holder of the note. Ibid. This avenue applies to an original holder and any person who receives "a transfer of possession of the instrument and its indorsement by the holder." Ibid. (quoting N.J.S.A. 12A:3-201(b)). Second, a plaintiff can be a "nonholder in possession of the instrument who has the rights of a holder." Id. at 224 (quoting N.J.S.A. 12A:3-301). This avenue applies when a plaintiff is in possession of a note that has not been indorsed, but possession was transferred by the holder with the purpose to give the transferee the right to enforce. Id. at 224. Third, a plaintiff not in possession of the instrument may be "entitled to enforce the instrument pursuant to [N.J.S.A.]

12A:3-309 or subsection d. of [N.J.S.A.] 12A:3-418." Id. at 223 (quoting N.J.S.A. 12A:3-301).[1]

Here, plaintiff had standing to proceed under the first avenue because it had possession of the note before it commenced the foreclosure action, and the note was indorsed in blank. A note with an indorsement in blank is payable to the note's bearer, and is transferred by possession alone. N.J.S.A. 12A:3-205(b) (stating that "[i]f an indorsement is made by the holder of an instrument and it is not a special indorsement, it is a 'blank indorsement'" and "[w]hen indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed"); N.J.S.A. 12A:3-109(c) (stating that "[a]n instrument payable to an identified person may become payable to bearer if it is indorsed in blank pursuant to subsection b. of [N.J.S.A.] 12A:3-205").

Plaintiff also had standing because N.J.S.A. 46:18-13(b)(1) authorizes a foreclosure action by, among others, "the record holder of the mortgage as established by the latest record of assignment." Plaintiff demonstrated it was

---

[1] "N.J.S.A. 12A:3-309 addresses the enforcement of instruments that have been lost, destroyed or stolen, and 'subsection d. of N.J.S.A. 12A:3-418 deals with the circumstance where an instrument has been paid or accepted by mistake and the payor or acceptor recovers payment or revokes acceptance.'" Mitchell, 422 N.J. Super. at 223 (quoting Ford, 418 N.J. Super. at 598).

such a record holder by providing a "true and certified" copy of the note and mortgage assignment prior to entry of final judgment.

We also discern no violation of Rule 4:64. Recent revisions to the rule were adopted to protect the rights of homeowners facing foreclosure. See Sturdy Sav. Bank v. Roberts, 427 N.J. Super. 27, 43 (Ch. Div. 2012). Rule 4:64-1(a) states that foreclosure actions must contain two certifications. First, the plaintiff shall certify that it "receive[ed] and review[ed] a title search of the public record" to identify any other interests on the property. Second, the plaintiff must annex a certification of diligent inquiry

> confirming that the attorney has communicated with an employee or employees of the plaintiff or of the plaintiff's mortgage loan servicer (i) who personally reviewed the complaint and confirmed the accuracy of its content . . . based on business records kept in the regular course of business by the plaintiff or the plaintiff's mortgage loan servicer; and (ii) who, if employed by the plaintiff's mortgage loan servicer, (a) identified the relationship between the mortgage loan servicer and the plaintiff, and (b) confirmed the authority of the loan servicer to act on behalf of the plaintiff.
>
> [R. 4:64-1(a)(2)(A) (emphasis added).]

Prior to rule amendments in 2011, courts "required a certification based on personal knowledge" showing that plaintiff had standing to bring the complaint. Pressler & Verniero, Rules Governing the Courts of the State of New

Jersey, cmt. 2 on § 4:64-1 (Gann 2018). The rule now allows a lawyer to make certifications explaining communications with an employee of the plaintiff, or of the plaintiff's loan servicer. Ibid.; R. 4:64-1(a)(2) (certification of diligent inquiry). The employee need only verify the information based on business records. Ibid. The complaint must also contain the information required by Rule 4:64-1(b). The rule instructs the plaintiff to describe the involved parties and detail the facts surrounding default. Notably, the rule does not require copies of the original mortgage, note, or subsequent mortgage assignment.

However, these documents must be provided within an application for entry of judgment. R. 4:64-1(d)(1); R. 4:64-2(a). Copies of these documents, certified as true by the recording officer or a New Jersey attorney, are sufficient in lieu of the originals. R. 4:64-2(a). An attorney must also provide an affidavit of diligent inquiry. R. 4:64-2(d).

Plaintiff complied with these requirements. It provided the required certification or affidavit of diligent inquiry with the complaint and motion for entry of judgment, and presented appropriately certified copies of the note, mortgage, and assignment before entry of final judgment.

Jaye also contends that she established a genuine issue of material fact by denying the validity of the note and the fact of her default. We do not agree.

"Bald assertions are not capable of either supporting or defeating summary judgment." Ridge at Back Brook, LLC v. Klenert, 437 N.J. Super. 90, 97-98 (App. Div. 2014). Jaye was obliged to do more than simply deny plaintiff's contentions without presenting evidence of her own.

Nor may Jaye rely on plaintiff's oversight in failing to sign its initial response to her requests for admissions. Rule 4:22-1 states that a matter is admitted unless a response is filed within thirty days, or longer if the court allows, and is signed by the party or the party's attorney. Jaye sent her request for admissions on May 2, 2016. Plaintiff responded on May 22, but did not realize its oversight until Jaye noted it in her opposition to summary judgment filed in early July. Plaintiff's attorney immediately corrected the oversight. The trial court appropriately exercised its discretion in refusing to deem plaintiff to have admitted defendant's requests.

In any event, Jaye's requests for admission were improper. The discovery mechanism may be used to establish facts that should be uncontroverted but would be costly to otherwise prove. Essex Bank v. Capital Res. Corp., 179 N.J. Super. 523, 532 (App. Div. 1981). However, they are not proper when used "in an attempt to establish the ultimate fact in issue." Id. at 533. A party's failure to respond cannot be taken as an admission of a central fact in issue because the

request is "beyond the scope of the rule." Ibid. Here, Jaye asked plaintiff to admit it did not have standing and that the mortgage was assigned fraudulently. These requests go to the ultimate facts allegedly at issue.

Jaye's remaining arguments, including assertions that she was entitled to a jury trial, the court lacked jurisdiction, and she was denied due process, lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-4262-16T4