**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4311-17T3

U.S. BANK NATIONAL
ASSOCIATION, NOT IN ITS
INDIVIDUAL CAPACITY
BUT SOLELY AS TRUSTEE
FOR THE RMAC TRUST,
SERIES 2016-CTT,

 Plaintiff-Respondent,

v.

MARISA LUZ BELL, a/k/a MARISA
L. BELL,

 Defendant-Appellant,

and

MR. MARISA LUZ BELL, her
husband, and CHAYNAE SLY,

 Defendants.

_____

Submitted May 22, 2019 – Decided June 6, 2019

Before Judges Accurso and Moynihan.

On appeal from Superior Court of New Jersey, Chancery Division, Essex County, Docket No. F-003596-16.

Marisa Luz Bell, appellant pro se.

Pleuse Becker & Saltzman, LLC, attorneys for respondent (Stuart H. West, on the brief).

PER CURIAM

Defendant Marisa L. Bell appeals from a final judgment of foreclosure contending plaintiff, U.S. Bank National Association, not in its individual capacity but solely as trustee for the RMAC Trust, Series 2016-CTT, failed to establish it possessed the mortgage note "at the time the complaint was filed or at the time final judgment was respectfully recommended" by the Foreclosure Unit. Because the record reveals plaintiff established its standing and that of its predecessor, Nationstar Mortgage, LLC, through duly recorded assignments of mortgage predating Nationstar's complaint and U.S. Bank's motion for final judgment, we affirm.

Defendant borrowed $212,000 from Lehman Brothers Bank in June 2006, secured by a purchase money mortgage on her home. The loan went into default in March 2008. As reflected in the foreclosure complaint filed on February 5, 2016, and in counsel for original plaintiff Nationstar's certification of diligent inquiry pursuant to Rule 4:64-1(a)(2), the mortgage was assigned first to Aurora

Loan Services, LLC then to Nationstar. The complaint notes the assignment to Nationstar was recorded in the Essex County Register's Office on September 13, 2012. When Nationstar filed its summary judgment motion to strike defendant's contesting answer, it also moved to substitute U.S. Bank as trustee as plaintiff. The assignment of mortgage from Nationstar to U.S. Bank was recorded on October 3, 2016, and the order granting summary judgment, striking defendant's answer and substituting U.S. Bank as plaintiff was filed on November 4, 2016. We denied defendant's motion for leave to appeal in January 2017, and her motion for reconsideration the following month. The Supreme Court denied defendant's motion for leave to appeal.

U.S. Bank moved for entry of final judgment in March 2018. In support of that motion, which defendant did not oppose, plaintiff's counsel filed a certification on personal knowledge averring he received the original note from plaintiff's servicer on September 15, 2016, and personally made the copy attached to his certification from the original document, which he certified to be true and correct. That note bears an indorsement to Nationstar's order and an allonge by which Nationstar indorsed the note to the order of U.S. Bank, not in its individual capacity but solely as trustee for the RMAC Trust, Series 2016-CTT, without recourse.

On appeal, defendant contends "[n]o certification testimony of a U.S. Bank National Association representative has set forth any proof that original plaintiff or substituting plaintiff, was in physical possession of the Original Note and mortgage before the Complaint was filed and attached business record[s] to that effect" and "no certification was offered that plaintiff's Counsel . . . was provided with the Original Note, with an endorsement to Nationstar Mortgage, LLC when the Complaint in this matter was filed on February 5, 2016."

Defendant has not provided us with the transcript in which the judge placed his reasons on the record for granting summary judgment striking her answer, nor do we have plaintiff's motion or supporting documents. We are thus unable to ascertain on this record whether plaintiff established on the motion that it possessed the original note when it filed its complaint. New Jersey case law, however, is clear a foreclosing plaintiff can establish its standing through "either possession of the note or an assignment of the mortgage that predated the original complaint." Deutsche Bank Tr. Co. Ams. v. Angeles, 428 N.J. Super. 315, 318 (App. Div. 2012). Because Nationstar, the original plaintiff, held a recorded assignment of mortgage in its favor when it filed its complaint, it easily proved its standing to pursue this foreclosure. See Bank of N.Y. v. Raftogianis, 418 N.J. Super. 323, 330-31 (Ch. Div. 2010).

4

U.S. Bank likewise established its own standing to proceed with reference to a duly recorded assignment of mortgage from Nationstar predating the entry of the order to substitute as plaintiff. In addition, on its motion for final judgment, U.S. Bank further established its standing by virtue of a certification of its counsel made on personal knowledge in accordance with Rule 1:6-6, attesting to his possession of the original note indorsed to U.S. Bank's order not in its individual capacity, but solely as trustee for the RMAC Trust, Series 2016-CTT. See Wells Fargo Bank, N.A. v. Ford, 418 N.J. Super. 592, 597-600 (App. Div. 2011).

As the record on appeal conclusively establishes Nationstar's standing to institute this action and U.S. Bank's standing to pursue it through final judgment, we reject defendant's arguments and affirm the entry of the final judgment in foreclosure.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4311-17T3