**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4215-17T4

WILMINGTON SAVINGS FUND
SOCIETY, FSB, as Trustee for
STANWICH MORTGAGE LOAN
TRUST A,

      Plaintiff-Respondent,

v.

JENNIFER HARTNETT, MR.
HARTNETT, husband of JENNIFER
HARTNETT, and MRS. PETER
GALE, his wife,

      Defendants,

and

PETER GALE,

      Defendant-Appellant.

_____

      Submitted September 10, 2019 – Decided September 19, 2019

      Before Judges Hoffman and Currier.

On appeal from the Superior Court of New Jersey, Chancery Division, Monmouth County, Docket No. F-002057-14.

Peter Gale, appellant pro se.

Hill Wallack LLP, attorneys for respondent (Sean Dennis Adams, of counsel and on the brief).

PER CURIAM

In this residential foreclosure action, defendant Peter Gale appeals the May 8, 2015 order granting summary judgment to plaintiff Wilmington Savings Fund Society, FSB.[1] After a review of defendant's contentions in light of the record and applicable legal principles, we affirm.

In 2008, Gale and defendant Jennifer Hartnett[2] executed a note to First Interstate Financial Corp. (First Interstate) for $487,971. The note was secured by a mortgage held by Mortgage Electronic Registration Systems, Inc. (MERS), as nominee for First Interstate. In September 2011, MERS assigned the mortgage to BANA.[3] In July 2016, the mortgage was assigned by BANA to the

---

[1] Summary judgment was entered in favor of Bank of America, N.A. (BANA). Plaintiff was subsequently substituted in the foreclosure action for BANA.

[2] Hartnett did not appeal the final judgment order.

[3] Bank of America was a successor by merger to BAC Home Loans Servicing LP, formerly known as Countrywide Home Loans Servicing LP.

A-4215-17T4

Secretary of Housing and Urban Development (HUD), and, in November 2016, HUD assigned the mortgage to plaintiff. In October 2011, Gale defaulted on his obligations under the note and mortgage.

In January 2014, BANA filed a complaint for foreclosure. Gale filed a contesting answer. Summary judgment was granted to BANA in 2015. In 2017 plaintiff was substituted in for BANA. Plaintiff's motion for final judgment was granted on March 29, 2018.

On appeal, Gale contests plaintiff's right to foreclose and standing, specifically whether plaintiff was in possession of the original note, whether the assignment was proper and whether plaintiff mailed a notice of intent to foreclose (NOI). We are unconvinced by these arguments.

We review an order granting summary judgment de novo and a trial court's ruling is owed no special deference. Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016).

It is well-established that in order to have standing in a foreclosure action, the "party seeking to foreclose a mortgage must own or control the underlying debt." Wells Fargo Bank, N.A. v. Ford, 418 N.J. Super. 592, 597 (App. Div. 2011) (quoting Bank of N.Y. v. Raftogianis, 418 N.J. Super. 323, 327-28 (Ch. Div. 2010)). Standing is conferred by "either possession of the note or an

assignment of the mortgage that predated the original complaint." Deutsche Bank Tr. Co. Ams. v. Angeles, 428 N.J. Super. 315, 318 (App. Div. 2012) (citing Deutsche Bank Nat'l Tr. Co. v. Mitchell, 422 N.J. Super. 214, 222 (App. Div. 2011)).

Here, we are satisfied plaintiff established a prima facie case for foreclosure. Plaintiff clearly demonstrated its standing to foreclose on the property because the assignment of the mortgage from MERS to BANA predated the January 2014 filing of the foreclosure complaint. Upon that assignment, and underlying transfer of possession, BANA became the holder of the instrument. BANA also provided copies of the original note and NOI to the trial judge as exhibits supporting its summary judgment motion. Plaintiff then was substituted for BANA under the court's order of March 6, 2017.

In addressing Gale's argument concerning the validity of the assignment, we have stated that "[a] valid assignment must contain evidence of the intent to transfer one's rights, and 'the subject matter of the assignment must be described sufficiently to make it capable of being readily identified.'" K. Woodmere Assocs., L.P. v. Menk Corp., 316 N.J. Super. 306, 314 (App. Div. 1998) (quoting 3 Williston on Contracts § 404, at 4 (Jaeger 3d ed. 1957)).

Here, we are satisfied MERS, as nominee, properly assigned First Interstate's mortgage and note to BANA in September 2011. An agent of MERS executed the assignment, demonstrating the intent to transfer. See N.J.S.A. 46:14-4.2. In addition, the subject matter of the assignment is "readily identified" because it includes the property's address, the amount loaned to defendants, and where the mortgage was recorded. See Menk Corp., 316 N.J. Super. at 314. The subsequent assignments to HUD and plaintiff were also properly recorded.

Gale's contention pertaining to the NOI lacks merit. The record reflects BANA mailed an NOI letter to Gale in June 2013. The certified mail number and letter were included with BANA's summary judgment exhibits.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4215-17T4