**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1217-18T3

U.S. BANK TRUST, N.A.,
AS TRUSTEE FOR LSF9
MASTER PARTICIPATION
TRUST,

      Plaintiff-Respondent,

v.

JOSEPH DURELLI, a/k/a
JOSEPH V. DURELLI and
CHERYL DURELLI, his wife,

      Defendants-Appellants,

and

VANZ LLC, CAPITAL ONE
BANK USA, NA, ATLANTIC
CREDIT AND FINANCE,
STATE OF NEW JERSEY,
LEXINGTON NATIONAL
INSURANCE CORPORATION,
and ABC BAIL BONDS, INC.,

      Defendants.

_____

Submitted November 7, 2019 – Decided November 20, 2019

Before Judges Nugent and Suter.

On appeal from the Superior Court of New Jersey, Chancery Division, Mercer County, Docket No. F-030316-16.

Joseph Durelli and Cheryl Durelli, appellants pro se.

Shapiro & DeNardo, LLC, attorneys for respondent (Elizabeth L. Wassall, on the brief).

PER CURIAM

Defendants Joseph and Cheryl Durelli appeal the October 1, 2018 final judgment of foreclosure and three other orders[1] entered in this residential foreclosure. They claim the trial court erred by granting the foreclosure judgment because the underlying note was lost. We affirm the judgment and orders under appeal.

On March 10, 2006, defendants signed a $272,000 note with HSBC Mortgage Corporation (USA) (HSBC). The same day, they signed a mortgage with the Mortgage Electronic Registration System, Inc. (MERS) as nominee for HSBC on a property located in Hamilton. The mortgage was recorded in April 2006. Defendants defaulted on the mortgage loan in April 2010.

---

[1] The September 15, 2017 order granted plaintiff's motion for summary judgment, striking defendants' answer. The August 6, 2018 order denied defendants' objection to entry of the final judgment. The September 21, 2018 order denied reconsideration of the summary judgment order.

The mortgage was assigned on three occasions. MERS assigned the mortgage to BAC Home Loans Servicing, LP, f/k/a Countrywide Home Loans Servicing, LP (BAC), and recorded it in August 2010. The mortgage was assigned by BAC to Nationstar Mortgage, LLC (Nationstar) and recorded in April 2014. On August 18, 2016, Nationstar assigned the mortgage to plaintiff, U.S. Bank Trust, N.A. as Trustee for LSF9 Master Participation Trust. This was recorded on October 13, 2016.

Plaintiff filed a complaint in November 2016 seeking to foreclose on the mortgage. Plaintiff's summary judgment motion was granted on September 15, 2017. The trial court found there were no genuine issues of fact regarding plaintiff's right to foreclose. Plaintiff submitted an affidavit from Nationstar's representative providing that Nationstar lost the note prior to April 20, 2016. She certified that Nationstar and its "successors and/or assigns [would] hold harmless the borrower(s) and indemni[fy] the borrower(s) should any unknown party seek to enforce the lost note and mortgage against the borrower(s)."[2] The mortgage also was assigned to plaintiff and recorded prior to filing the foreclosure complaint. The court found plaintiff had standing to foreclose.

---

[2] Defendants overlook this paragraph in arguing that they were not protected against a third party seeking to enforce the note.

Defendants' answer was stricken and the case was returned to the Office of Foreclosure (OOF) as uncontested.

Plaintiff filed a motion to enter final judgment, but defendants opposed it. In its denial of defendants' objection, the court noted defendants did not "make a specific objection to the calculation of the amount due," did not suggest another amount was due or submit their own calculations to suggest another amount due. The court found the certification from the loan servicer was a business record that evidenced an amount due of $447,299.47 on the mortgage loan. The trial court denied defendants' objection to the amount due, and on August 6, 2018, returned the case to the OOF.

Defendants' motion for reconsideration of this order was denied. The court found its decision was not palpably incorrect. It had taken into consideration defendants' arguments about the lost note, the notices of intention to foreclose and the statute of limitations. A final judgment of foreclosure was entered on October 1, 2018, with an amount due of $447,299.47. In January 2019, the property was sold at public auction. Plaintiff recorded its deed to the property in March 2019.

A-1217-18T3

On appeal, defendants contend the trial court erred and abused its discretion by granting summary judgment to plaintiff and also by entering a final judgment of foreclosure without protecting them from plaintiff's lost note claim.

A decision to vacate a final judgment lies within the sound discretion of the trial court, guided by principles of equity. Hous. Auth. of Morristown v. Little, 135 N.J. 274, 283 (1994). An "abuse of discretion only arises on demonstration of 'manifest error or injustice.'" Hisenaj v. Kuehner, 194 N.J. 6, 20 (2008) (quoting State v. Torres, 183 N.J. 554, 572 (2005)). It occurs when the "'decision [was] made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" United States ex rel. U.S. Dep't of Agric. v. Scurry, 193 N.J. 492, 504 (2008) (alteration in original) (quoting Flagg v. Essex Cty. Prosecutor, 171 N.J. 561, 571 (2002)). Our review of a trial court's legal determinations is plenary. D'Agostino v. Maldonado, 216 N.J. 168, 182-83 (2013) (citing Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

"The only material issues in a foreclosure proceeding are the validity of the mortgage, the amount of the indebtedness, and the right of the mortgagee to resort to the mortgage premises." Great Falls Bank v. Pardo, 263 N.J. Super. 388, 394 (Ch. Div. 1993). Here, defendants have not denied the execution of

the note or mortgage. They have not disputed that the mortgages were recorded in the Clerk's office or that there is a recorded mortgage to plaintiff. They do not deny they are in default. They never contested the application of this mortgage to their residential property. They never raised a specific contest to the amount due under the mortgage. Therefore, the court did not abuse its discretion by entering a final judgment of foreclosure.

Defendants argue the trial court should not have granted plaintiff summary judgment because the note was lost and was not in plaintiff's possession when it filed for foreclosure. A party seeking to establish its right to foreclose on a mortgage must generally "[']own or control the underlying debt.'" Deutsche Bank Nat'l Tr. Co. v. Mitchell, 422 N.J. Super. 214, 222 (App. Div. 2011) (quoting Wells Fargo Bank, N.A. v. Ford, 418 N.J. Super. 592, 597 (App. Div. 2011)); see also Bank of N.Y. v. Raftogianis, 418 N.J. Super. 323, 327-28 (Ch. Div. 2010). In Deutsche Bank Tr. Co. Ams. v. Angeles, 428 N.J. Super. 315, 318 (App. Div. 2012), we held that "either possession of the note or an assignment of the mortgage that predated the original complaint confer[s] standing," thereby reaffirming our earlier holding in Mitchell.

We are satisfied the trial court did not err in granting plaintiff summary judgment. A representative of plaintiff's servicer certified that the mortgage was

assigned to plaintiff in 2016. The recorded assignments were in evidence. We agree with the trial court that this proof satisfied <u>Angeles'</u> requirements for standing.

Defendants did not refute plaintiff's proofs. Instead, they argued that because the note was lost, plaintiff did not have the ability to foreclose. This is contrary to the court's holding in <u>Angeles</u> that found standing based either on possession of the note or assignment of the mortgage. Plaintiff proved the mortgage was assigned to it and recorded prior to filing the foreclosure complaint. Plaintiff also had an affidavit from Nationstar about the lost note. Whether the lost note affidavit—by itself—would satisfy the standing requirement is not the issue; here, there was no dispute that plaintiff was assigned the mortgage prior to filing the foreclosure complaint. The trial court did not err in finding that plaintiff had standing to foreclose on the loan executed by defendants based on the assignment.

Defendants' motion for reconsideration added nothing new. The trial court did not abuse its discretion by denying reconsideration. Defendants' remaining arguments are without sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1217-18T3