**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3786-18T1

STRATEGIC REALTY FUND,
LLC,

     Plaintiff-Respondent,

v.

ALRASHEED WRIGHT, ESSEX COUNTY
BOARD OF SOCIAL SERVICES, TAHARIA
J. FONG, MIDLAND FUNDING, LLC, and
NEW CENTURY FINANCIAL SERVICES,

     Defendants,

and

CAROL HAYNES,

     Defendant-Appellant.

_____

          Submitted March 17, 2020 - Decided March 31, 2020

          Before Judges Accurso and Rose.

          On appeal from the Superior Court of New Jersey, Chancery Division, Essex County, Docket No. F-000079-18.

Carol Haynes, appellant pro se.

Friedman Vartolo LLP, attorneys for respondent
(Catherine Nicole Aponte, on the brief).

PER CURIAM

Defendant Carol Haynes appeals from the denial of her motion to vacate a final judgment of foreclosure, contending plaintiff Strategic Realty Fund, LLC never established its ownership or control of the note she and Alrasheed Wright gave to First Franklin Financial Corp., an operating subsidiary of Merrill Lynch Bank & Trust Co., FSB, or the right to foreclose the mortgage securing it. Because the record reveals Strategic established its standing by an assignment of mortgage recorded more than two years before it filed its foreclosure complaint, we affirm. See Deutsche Bank Tr. Co. Ams. v. Angeles, 428 N.J. Super. 315, 318 (App. Div. 2012).

Defendant and Alrasheed Wright borrowed $204,000 from First Franklin in June 2007, evidenced by a thirty-year note secured by the purchase money mortgage they gave to First Franklin's nominee, Mortgage Electronic Registration Systems, Inc. on their home in Irvington. The mortgage was eventually assigned to Strategic, which recorded the assignment in Essex County on September 24, 2015. Two months later, defendant and Mr. Wright entered into a loan modification agreement with Strategic. The modified loan

2

A-3786-18T1

went into default when they failed to make the payment due in December 2016. In August 2017 Strategic sent defendant a notice of intent to foreclose. It filed its foreclosure complaint four months later, in January 2018.

Defendants did not answer or otherwise contest the foreclosure and final judgment was entered in favor of Strategic in September 2018. In March 2019, defendant Haynes filed a motion to vacate the judgment alleging Strategic failed to prove it served a notice of intent to foreclose and failed to demonstrate its standing to foreclose the mortgage. Judge Orsen denied the motion. In a comprehensive written opinion detailing the facts and applying controlling case law, the judge found Strategic established its standing by virtue of its recorded assignment of mortgage pre-dating the complaint, see Angeles, 428 N.J. Super. at 318, and the certification of its authorized representative made on personal knowledge in accordance with Rule 1:6-6, see Wells Fargo Bank, N.A. v. Ford, 418 N.J. Super. 592, 597-600 (App. Div. 2011), that it held the note when it filed its complaint. The judge also found Strategic likewise demonstrated it timely served its notice of intent to foreclose by certified and regular mail in August 2017, and that defendant had failed to rebut any of those facts on the motion.

A-3786-18T1

No stay of the judgment was sought, and defendant's home was subsequently sold at sheriff's sale in May 2019 to a third-party bidder. Defendant moved to vacate the sale, which the court denied finding no irregularity. See First Tr. Nat'l. Ass'n v. Merola, 319 N.J. Super. 44, 49 (App. Div. 1999). Defendant appeals from the denial of her motion to vacate the final judgment, reprising the standing arguments she made to the trial court.

Having considered defendant's arguments and reviewed the record on the motion, we affirm, substantially for the reasons expressed by Judge Orsen in his written statement of reasons for the order of April 26, 2019. Because Strategic had both possession of the note endorsed in blank and a recorded assignment of mortgage prior to the filing of the complaint, it had standing to initiate the foreclosure and pursue the complaint to judgment. See Angeles, 428 N.J. Super. at 318.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3786-18T1