**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0620-20

STEVE'S AUTO BODY
AND REPAIR, LLC,

  Plaintiff-Appellant,

v.

TOWNSHIP OF GLOUCESTER,

  Defendant-Respondent,

and

BARE MOTOR CO., INC., a/k/a
BARE TOWING, IRRGANGS
TOWING, WM PAUL IRRGANG,
III, d/b/a PAULS TOWING,
BERNIE'S AUTO REPAIR, a/k/a
BERNIE'S TOWING, ERIN'S
TOWING, AUTO IMAGES
TOWING, a/k/a AUTO IMAGES,
RIEHL'S TOWING, STEVE'S
AUTO REPAIR, INC., a/k/a
STEVE'S TOWING & AMT
TOWING AND RECOVERY, LLC,

  Defendants.

_____

Argued January 12, 2022 – Decided July 14, 2022

Before Judges Hoffman, Whipple, and Geiger.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Docket No. L-0655-20.

Michael Wiseberg argued the cause for appellant (Fruchter, Weiss & Associates, attorneys; Harvey Fruchter and Michael Wiseberg, on the briefs).

Sean T. O'Meara argued the cause for respondent (Archer & Greiner, PC, attorneys; Vincent P. Sarubbi and Sean T. O'Meara, on the brief).

PER CURIAM

Plaintiff Steve's Auto Body and Repair appeals from the October 30, 2020 Law Division order granting the summary judgment dismissal of its complaint against defendant Township of Gloucester. Plaintiff's complaint challenged Chapter 79, Gloucester Township's Towing Ordinance, alleging that the ordinance violated plaintiff's due process and property rights under Article 1, paragraph 1 of the New Jersey Constitution. Plaintiff further alleged the ordinance violated N.J.S.A. 40:48-2.49 by unlawfully discriminating against towing operators located outside of Gloucester Township.[1] The Law Division

---

[1] To avoid confusion, we refer to Township of Gloucester as "defendant" and the Township of Gloucester, as a geographic entity, as "Gloucester Township."

entered the order without allowing plaintiff to complete any discovery. We vacate the dismissal order and remand for further proceedings.

I.

We discern the following facts and procedural history from the record. A towing operator, plaintiff maintains a storage facility at 1717 North Tuckahoe Road in Williamstown, approximately five and five-eighth miles from the point identified by defendant as the "center point" of Gloucester Township. In 2019, plaintiff applied for a towing license for the year 2020. On January 16, 2020, plaintiff received a letter, dated December 30, 2019, from Gloucester Township Police Chief David Harkins. The letter advised plaintiff its application was denied "due to the storage facility being located outside of a [five-]mile radius of the center point of Gloucester Township," pursuant to Section 79-2 of the ordinance adopted by defendant regarding towing services.

According to Section 79-2, the purpose of the ordinance is

> to establish[,] pursuant to N.J.S.A. 40:48-2.49, an orderly system to provide for towing services for removal of damaged motor vehicles in accidents and other abandoned, illegally parked or disabled vehicles within [Gloucester Township]. [A] towing list of licensed towing operators . . . will be called upon a rotating basis by the Police Department.

N.J.S.A. 40:48-2.49 authorizes municipalities to "regulate, by ordinance, the removal of motor vehicles from private or public property by operators engaged in such business," provided the ordinance sets forth "non-discriminatory and non-exclusionary regulations."

Prior to April 27, 2015, the ordinance required towing operators seeking licensure to maintain a storage facility within Gloucester Township. On September 5, 2013, Riehl's Towing and Maintenance, Inc. (Riehl), which maintains a storage facility at 2301 Pennsylvania Avenue in the neighboring municipality of Deptford Township, filed a complaint against defendant, alleging the ordinance violated its due process rights by excluding towing operators located outside Gloucester Township from qualifying for licenses.

Defendant and Riehl eventually agreed to a settlement. Pursuant to the settlement, on April 27, 2015, defendant amended its towing ordinance to its current form. Section 79-7, titled "Application and License Fee," now requires applicants to maintain a "[s]torage facility within a [five-]mile radius of the center[] point of Gloucester Township . . . ." The ordinance defines "storage facility" as a "storage lot or storage area . . . within a [five-]mile radius of the center point of Gloucester Township." The ordinance further defines "center

4

point of Gloucester Township" as "defined pursuant to the map, as prepared by the Township Engineer and attached to this ordinance."[2]

On February 17, 2020, plaintiff filed its complaint in this matter. On February 20, 2020, plaintiff served defendant with the filed complaint, along with an initial set of interrogatories and a notice to produce. On September 10, 2020, defendant filed the motion under review, without responding to any of plaintiff's discovery requests.

In support of its summary judgment motion, defendant provided two certifications. The first certification, from Lieutenant Timothy Kohlmyer of the Gloucester Township Police Department, stated that the five-mile radius requirement is "for the convenience of residents retrieving vehicles that have been towed" and that five of the nine licensed towing operators for 2020 have "storage facilities outside of Gloucester Township." The second certification, from defendant's attorney Vincent P. Sarubbi, stated that defendant amended its towing ordinance as part of the Riehl settlement to avoid discriminating against

---

[2] It is unclear if the map attached to one of defendant's supporting certifications is the map attached to defendant's ordinance. No map was attached to the copy of the ordinance submitted to the motion court. Defendant did not submit a certification from the Township Engineer who was responsible for preparing the map nor was this person even identified by defendant.

A-0620-20

applicants located outside of Gloucester Township. Sarubbi attached a copy of the Riehl complaint and a map depicting Gloucester Township, the center point, the five-mile radius, and plaintiff's location. Sarubbi's certification did not include any settlement documents from the Riehl litigation.

Plaintiff opposed the motion, submitting the certification of Kenneth Rainer, a manager for plaintiff's business. According to Rainer, when he previously worked for a licensed towing operator located within Gloucester Township, "the majority of the service calls requiring tows" were "from a point within [Gloucester Township] that [plaintiff] can respond to . . . sooner than any of the existing [licensed] towers." In addition, plaintiff urged the court to appreciate that defendant's motion was "extremely premature."

On October 30, 2020, after hearing oral argument, the motion judge issued an oral opinion granting summary judgment to defendant. The judge found no genuine issue of material fact, stating there was "an . . . undisputed reasonable reason why [the ordinance] was put into place for the convenience of the residents of the Township of Gloucester. And there's no evidence at all that that is improperly administered or discriminatorily administered." The judge also rejected plaintiff's challenge to defendant's $1,000 application fee for a towing license, stating that the amount "seems reasonable to the [c]ourt."

6

This appeal followed, with plaintiff raising the following arguments:

POINT I

THE MOTION FOR SUMMARY JUDGMENT WAS PREMATURE AND THE STATEMENT OF MATERIAL FACTS WAS NOT SUPPORTED BY COMPETENT EVIDENCE FROM WITNESSES WITH PERSONAL KNOWLEDGE - PLAINTIFF SHOULD HAVE BEEN AFFORDED THE OPPORTUNITY TO ENGAGE IN DISCOVERY TO PROVE THE ELEMENTS OF ITS CAUSES OF ACTION WHERE, AS HERE, THE FACTS ARE PECULIARLY WITHIN THE TOWNSHIP'S KNOWLEDGE, AND PLAINTIFF'S UNANSWERED DISCOVERY DEMANDS HAD LONG BEEN SERVED UPON THE DEFENDANT TOWNSHIP.

POINT II

CHARGING NEW APPLICANTS ALMOST SEVEN TIMES THE AMOUNT CHARGED FOR RENEWAL APPLICANTS IS DISCRIMINATORY AND EXCLUSIONARY.

II.

We begin our analysis by acknowledging the legal principles governing this appeal. Our review of the trial court's grant of summary judgment is de novo, applying the same standard as the trial court. N.J. Div. of Tax'n v. Selective Ins. Co. of Am., 399 N.J. Super. 315, 322 (App. Div. 2008). Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show

7

that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law."  R. 4:46-2(c).  "An issue of fact is genuine only if, considering the burden of persuasion at trial, the evidence submitted by the parties on the motion, together with all legitimate inferences therefrom favoring the non-moving party, would require submission of the issue to the trier of fact."  Ibid.; see also Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 523 (1995).

The party opposing summary judgment "'must do more than simply show that there is some metaphysical doubt as to the material facts[,]'"  Triffin v. Am. Int'l Grp., Inc., 372 N.J. Super. 517, 523-24 (App. Div. 2004) (quoting Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3rd Cir. 1992), as "[c]ompetent opposition requires 'competent evidential material' beyond mere 'speculation' and 'fanciful arguments.'"  Hoffman v. Asseenontv.com, Inc., 404 N.J. Super. 415, 426 (App. Div. 2009) (quoting Merchs. Express Money Order Co. v. Sun Nat'l Bank, 374 N.J. Super. 556, 563 (App. Div. 2005))).

Moreover, municipal ordinances are presumed to be valid and reasonable, and "[t]he burden of proof to establish that they are arbitrary and unreasonable rests on the party seeking to overturn them."  Quick Chek Food Stores v. Twp. of Springfield, 83 N.J. 438, 447 (1980) (citation omitted).  "Legislative bodies

are presumed to act on the basis of adequate factual support and, absent a sufficient showing to the contrary, it will be assumed that their enactments rest upon some rational basis within their knowledge and experience." Hutton Park Gardens v. Town Council of Town of W. Orange, 68 N.J. 543, 564-65 (1975) (citations omitted). "The underlying policy and wisdom of ordinances are the responsibility of the governing body, and if any state of facts may reasonably be conceived to justify the ordinance, it will not be set aside." Quick Chek, 83 N.J. at 447 (internal citations omitted).

"Generally, summary judgment is inappropriate prior to the completion of discovery." Wellington v. Est. of Wellington, 359 N.J. Super. 484, 496 (App. Div. 2003). "When 'critical facts are peculiarly within the moving party's knowledge,' it is especially inappropriate to grant summary judgment when discovery is incomplete." Velantzas v. Colgate-Palmolive Co., 109 N.J. 189, 193 (1988) (quoting Martin v. Educ. Testing Serv., Inc., 179 N.J. Super. 317, 326 (Ch. Div. 1981)).

Plaintiff contends defendant failed to establish the absence of a genuine issue of material fact because its certifications were not based on personal knowledge. This argument has merit.

"A certification will support the grant of summary judgment only if the material facts alleged therein are based, as required by Rule 1:6-6, on 'personal knowledge.'" Wells Fargo Bank, N.A. v. Ford, 418 N.J. Super. 592, 599 (App. Div. 2011). Additionally, "[a]ffidavits by attorneys of facts not based on their personal knowledge but related to them by and within the primary knowledge of their clients constitute objectionable hearsay." Pressler and Verniero, Current N.J. Court Rules, comment on R. 1:6-6 (2022).

In support of its summary judgment motion, defendant relied on two certifications: 1) Sarubbi's certification regarding the defendant's settlement of the Riehl's litigation and 2) Lieutenant Kohlmyer's certification stating that the five-mile radius requirement is "for the convenience of residents retrieving vehicles." Neither certification satisfies R. 1:6-6.

Sarubbi's certification states his personal knowledge about the settlement arises from being "one of the attorneys responsible for the handling of this matter on behalf of defendant." However, Sarubbi does not certify to his involvement in the Riehl settlement. No other evidence about the Riehl settlement is provided. Similarly, Lieutenant Kohlmyer's certification states his personal knowledge arises from his employment "as a Lieutenant in the Gloucester Township Police Department." Lieutenant Kohlmyer does not

10

certify to his involvement in the research for or creation of the ordinance to support this claim.

Notwithstanding the deficiencies in defendant's supporting certifications, the motion judge concluded, "it's quite clear why [the ordinance was] developed . . . they picked a five-mile radius for the convenience of their residents." Based on the limited record, however, the judge's conclusion was unsupported by evidence of any analysis undertaken by defendant to achieve its stated objective. The record contains no credible evidence regarding the basis for deciding on the five-mile radius requirement for storage facilities, other than the location of Riehl's within such a radius. Accordingly, we find defendant presented insufficient proofs to warrant summary judgment.

Plaintiff also contends complete discovery is necessary for information about the passage of the ordinance and creation of the center point, such as "what study or data [Lieutenant Kohlmyer] relied upon to support his opinion that the 'convenience of the residents' in retrieving their vehicles after being towed was the purpose served by the amendment to the [ordinance]." Plaintiff highlights defendant's failure to produce traffic and response time data, an engineering report or an affidavit from the engineer who determined Gloucester Township's

center point, and the true location of the center point. Plaintiff's arguments have merit.

Depositions of Sarubbi, Lieutenant Kohlmyer, the Township Engineer, and the Chief of Police will allow plaintiff to determine if there exists evidence of discriminatory intent improperly favoring towing operators within Gloucester Township. Plaintiff will also have the opportunity to learn how the Township Engineer developed the center point and five-mile radius, what research went into its creation regarding resident convenience, and the role of the Riehl settlement. Plaintiff contends that full discovery will reveal whether defendant strategically crafted the five-mile radius to permit Riehl to qualify for licensure while limiting the number of towing operators who could qualify to protect towing operators within Gloucester Township.

We recognize that any choice of a specific geographical limitation will exclude some towing operators who might plausibly be admitted and include others who might plausibly be excluded. Defendant's choice should not be disturbed unless it is unreasonable. Quick Chek, 83 N.J. at 447. However, full discovery may very well support plaintiff's contentions and reveal arbitrary, exclusionary, or discriminatory decision-making. At the very least, such

12

discovery could yield a genuine factual dispute.  See Wellington, 359 N.J. Super. at 496.  We discern no basis for denying plaintiff full discovery.

Lastly, plaintiff contends defendant's $1,000 application fee for new applicants, in comparison with the $150 application fee for renewal applicants, is also discriminatory and exclusionary.  Plaintiff argues "such a dramatic gap cannot be justified simply by claiming it is less work to investigate and verify a renewal application" and the difference in costs is "designed to keep out competition."  Plaintiff argues the fee must be equally applied and "reasonably proportionate."  Furthermore, plaintiff asserts discovery "would reveal the time spent on these investigations for license-holders and whether the disproportionate fee structure was arbitrary and capricious."  We conclude that this issue also warrants full discovery.

Vacated and remanded.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

13